Mark **KLOUDA** and Michael Wayne **Mayberry,** Appellants,

v.

**SIXTH JUDICIAL DISTRICT DEPARTMENT OF CORRECTIONAL SERVICES and Iowa Board of Parole, Appellees.**

**No. 99–1560.**

Supreme Court of Iowa.

Feb. 27, 2002.

---

Linda Del Gallo, State Appellate Defender and David Arthur Adams and John P. Messina, Assistant State Appellate Defenders, for appellants.

Thomas J. Miller, Attorney General and Jeffrey D. Farrell, Assistant Attorney General, for appellees.

LAVORATO, Chief Justice.

Mark Klouda and Michael Mayberry, the plaintiffs in this case, appeal from the district court's denial of declaratory and injunctive relief. They argue that Iowa Code sections 907.8A and 908.11 (1999) violate the separation-of-powers doctrine of the Iowa Constitution. The challenged statutes create a pilot project in the sixth judicial district. They transfer jurisdiction over probation revocation cases from judges to administrative law judges employed by the Iowa Board of Parole. Because we agree the statutes violate the separation-of-powers doctrine, we reverse and remand for further proceedings.

## I. Statutory Scheme.

The plaintiffs challenge the constitutionality of Iowa Code sections 907.8A and 908.11 (Supp.1997), as amended by 1998 Iowa Acts chapter 1197, sections 1–3 (effective May 18, 1998) (codified at Iowa Code §§ 907.8A and 908.11 (1999)). They contend these provisions violate the separation-of-powers clause of article III, section 1 of the Iowa Constitution. The challenged statutes create a pilot project in the sixth judicial district whereby judges in that district transfer jurisdiction over probation revocation cases to an administrative parole and probation judge (ALJ). The transfer is made "upon entry of the sentencing order for each person who is sentenced to the custody of the director of the department of corrections and whose sentence is suspended." Iowa Code § 907.8A(1).

The district court retains jurisdiction over restitution, reconsideration of the original sentence, arrest warrants, initial appearances, preliminary probation violation informations, bond proceedings, and appointment of counsel. Iowa Code § 907.8A(1). The court also retains jurisdiction over matters relating to cases in

which the person is not sentenced to the custody of the director of the department of corrections. *Id.*

The ALJ determines "[a]ll issues relating to whether the probationer has violated or fulfilled the terms and conditions of probation, including but not limited to express violations of a specific term of probation, new violations of the law, and changes of the terms of probation. . . ." Iowa Code § 907.8A(2). The ALJ is to conduct probation hearings "in the same manner as hearings regarding revocations or modifications of or discharge from parole." *Id.*

Section 908.11 provides procedures for ALJs, magistrates, and judges to follow in probation revocation cases. For example, the provision permits the ALJ to perform the functions of the liaison officer and the board of parole if the alleged probation violator was sentenced and placed on probation in the sixth judicial district. Iowa Code § 908.11(4). The ALJ may conduct the probable cause and probation revocation hearings, and may reconsider a person's sentence "if reconsideration is deemed appropriate and the person's probation was revoked by an [ALJ] in the sixth judicial district." Iowa Code § 908.11(5).

If a violation is established, the ALJ may (1) continue the probation with or without altering the conditions of probation, (2) sentence the defendant to a jail term while continuing the probation, (3) order the defendant to be placed in a violator facility while continuing probation, or (4) revoke the probation and require the defendant to serve the sentence imposed or any lesser sentence. Iowa Code § 908.11(6).

The ALJ's order becomes a final decision, unless the defendant appeals the decision to the board of parole within the time provided in rules adopted by the board. *Id.* The appeal is to be conducted

pursuant to rules adopted by the board. *Id.* The record made at the hearing before the ALJ becomes the record on appeal. *Id.* The provisions of Iowa Code chapter 17A (Iowa Administrative Procedure Act) apply to the hearing before the ALJ and to the appeal. *See* Iowa Code § 908.11(6) (appeal from ALJ's decision "shall be conducted pursuant to rules adopted by the board"); Iowa Admin. Code r. 205—15.1 et seq. (Appeal of Decisions) ("These rules are intended to implement Iowa Code chapter 17A . . ."); *see also Frazee v. Iowa Bd. of Parole*, 248 N.W.2d 80, 82–83 (Iowa 1976) (holding that the provisions of chapter 17A apply to parole revocation proceedings).

## II. Probation Revocation Proceedings Regarding Mayberry.

In September 1998, the district court in Johnson County sentenced Mayberry to an indeterminate ten-year term on a felony charge of prohibited acts. The court suspended the sentence and placed Mayberry on three years' probation on condition that he reside at a halfway house for a period of time not to exceed one year.

On October 14, 1998, a probation violation report and an application for revocation of probation were filed in Johnson County district court. The next day, the district court entered an order setting the probable cause and final hearing before an ALJ. The court did this pursuant to section 907.8A.

At the probation revocation hearing on December 16, 1998, Mayberry raised the separation-of-powers issue. The ALJ found that Mayberry had violated two rules of his probation agreement. The ALJ ordered that Mayberry reside in a halfway house and that he have an evaluation for psychiatric treatment and substance abuse. Mayberry appealed, and on

February 4, 1999, the Board of Parole affirmed the ALJ's findings of fact but remanded the case for an additional hearing.

Before the Board rendered its appeal decision, a second report of violation was filed in January 1999. On February 24, 1999, the ALJ held a consolidated hearing on the remand of the first application and the second application to revoke probation. In addressing the remand of the December 1998 decision, the ALJ ordered Mayberry to complete a competency evaluation at the Forensic Unit at the Iowa Men's Classification Center at Oakdale. At the time of trial on Mayberry's declaratory judgment action—the case at issue here—the ALJ had continued his probation violation case pending the results of the competency evaluation.

### III. Probation Revocation Proceedings Regarding Klouda.

In January 1999, the district court in Linn County sentenced Klouda to an indeterminate term of five years on a felony charge of third-degree burglary, suspended his sentence, and placed him on probation under terms including residency in a halfway house. In February 1999, probation revocation proceedings were initiated. The district court transferred jurisdiction of the proceedings to an ALJ.

The ALJ found that Klouda had violated the terms of his probation. The ALJ originally ordered Klouda to attend a violator's program for sixty days. However, the ALJ revised his order, revoked probation, and sentenced Klouda to the term originally imposed when Klouda refused to participate in the violator's program.

### IV. The Declaratory Judgment Actions.

On October 29, 1998, Mayberry filed a petition for declaratory judgment in John-son County, naming as defendants the Sixth Judicial District Department of Correctional Services and the Iowa Board of Parole. He alleged that sections 907.8A and 908.11 violated the separation-of-powers clause of the Iowa Constitution, as well as several other Iowa constitutional provisions not relevant here. He asked that the statutes be declared unconstitutional and that the court issue a temporary and permanent injunction against enforcement of those provisions against him and those similarly situated.

On November 17, 1998, the defendants filed a motion to dismiss, alleging the district court did not have jurisdiction to consider the action because Mayberry had not exhausted his administrative remedies as required by the Iowa Administrative Procedure Act. Later, the district court denied the request for a temporary injunction and overruled the motion to dismiss. The defendants did not appeal from the ruling on the motion to dismiss.

On April 29, 1999, Klouda filed a petition for declaratory judgment in Linn County, naming the Sixth Judicial District Department of Correctional Services and the Iowa Board of Parole as defendants. Like Mayberry, Klouda alleged that the statutes in question violated the separation-of-powers clause under the Iowa Constitution, as well as several other Iowa constitutional provisions not relevant here. And like Mayberry, Klouda requested a temporary and permanent injunction. The court denied Klouda's request for a temporary injunction on June 2, 1999. In the same ruling, the court consolidated Klouda's and Mayberry's petitions upon the defendants' motion.

By agreement of the parties, the district court heard the consolidated petitions for declaratory judgment in Johnson County. Following the trial, the district court re-

jected all of the various constitutional challenges to sections 907.8A and 908.11.

Mayberry and Klouda appealed, raising only the separation-of-powers issue. We questioned whether we had jurisdiction to hear this appeal and directed the parties to file statements regarding this issue. Following receipt of those statements, we are convinced we have jurisdiction. *See Keokuk County v. H.B.*, 593 N.W.2d 118, 122 (Iowa 1999) (holding that exhaustion of administrative remedies is not a subject matter jurisdiction issue; rather, it is an authority to hear the case issue, which can be waived).

## V. Scope of Review.

 We review constitutional issues de novo. *State v. Simpson*, 587 N.W.2d 770, 771 (Iowa 1998). Because statutes are cloaked with a strong presumption of constitutionality, a party challenging a statute carries a heavy burden of rebutting this presumption. *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 852 (Iowa 2001). A party who challenges a statute must negate every reasonable basis upon which we could hold the statute constitutional. *Id.* In addition, the party must show beyond a reasonable doubt that a statute violates the constitution. *Johnston v. Veterans' Plaza Auth.*, 535 N.W.2d 131, 132 (Iowa 1995).

## VI. Separation of Powers.

### A. Applicable law.

The separation-of-powers clause of the Iowa Constitution provides:

The powers of the government of Iowa shall be divided into three separate departments—the legislative, the executive, and the judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted.

Iowa Const. art. III, § 1.

The constitution further provides regarding judicial power:

The judicial power shall be vested in a supreme court, district courts, and such other courts, inferior to the supreme court, as the general assembly may, from time to time, establish.

Iowa Const. art. V, § 1.

Finally, the constitution prescribes the jurisdiction of the district court:

The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and *criminal* matters arising in their respective districts, in such manner as shall be prescribed by law.

Iowa Const. art. V, § 6 (emphasis added).

All three provisions are implicated by the challenge to the statutes in question.

 The separation-of-powers doctrine is violated "if one branch of government purports to use powers that are clearly forbidden, or attempts to use powers granted by the constitution to another branch." *State v. Phillips*, 610 N.W.2d 840, 842 (Iowa 2000). The doctrine requires that a branch of government not impair another in the performance of its *constitutional* duties. *Id.* (citation omitted).

 The separation-of-powers doctrine, however, has no rigid boundaries. *State v. Hoegh*, 632 N.W.2d 885, 889 (Iowa 2001). "Instead, some acts can be properly entrusted to more than one branch of government, and some functions inevitably intersect." *Id.* When this happens, "harmonious cooperation among the three branches of government [becomes] fundamental to our system of government." *Id.* (quoting *Webster County Bd. of Supervi-*

*sors v. Flattery,* 268 N.W.2d 869, 874 (Iowa 1978)). As one treatise explains:

[a]lthough a state constitution may define three separate branches of power, there is generally no attempt to compartmentalize them, and perhaps, in truth, there can be no absolute and complete separation of all the powers of a practical government. The powers of one department of government have always depended on or have been aided in some way by those of another. Moreover, there is sometimes an overlapping or blending of powers of separate departments.

16A Am.Jur.2d *Constitutional Law* § 249, at 152 (1998).

■■■ Judicial power vested in the courts by the Iowa Constitution is the power to decide and pronounce a judgment and carry it into effect. *Cedar Rapids Human Rights Comm'n v. Cedar Rapids Cmty. Sch. Dist.,* 222 N.W.2d 391, 396 (Iowa 1974); *accord State ex rel. Allee v. Gocha,* 555 N.W.2d 683, 685 (Iowa 1996). Any encroachment upon that power is a violation of the separation-of-powers doctrine. *Gocha,* 555 N.W.2d at 685; *Richardson v. Fitzgerald,* 132 Iowa 253, 255, 109 N.W. 866, 867 (1906) ("any direction by the Legislature that the judicial function shall be performed in a particular way is a plain violation of the Constitution"). And we alone have the authority to check any legislative action resulting in such an encroachment. *Gocha,* 555 N.W.2d at 685.

With these principles in mind, we turn to the challenged statutes to determine if they encroach upon judicial power and thereby violate the separation-of-powers clause of the Iowa Constitution.

**B. Analysis.**

■■■ Our case law recognizes that the legislature has the sole power to prescribe certain acts as crimes and to provide penalties for the commission of such acts. *State v. Ronek,* 176 N.W.2d 153, 155 (Iowa 1970). It also has the sole power to statutorily authorize or withhold probation. *State v. Holmes,* 276 N.W.2d 823, 830 (Iowa 1979); *State v. Iowa Dist. Ct. for Shelby County,* 308 N.W.2d 27, 29 (Iowa 1981) ("A court has no power to suspend a sentence unless that power is conferred by statute."). So there is no encroachment on judicial power when the legislature prescribes certain acts as crimes, provides penalties for their violation, and authorizes or withholds probation.

■■■ The executive branch has a very limited role in criminal cases. Under the Iowa Constitution the governor has the "power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment...." Iowa Const. art. IV, § 16; *Phillips,* 610 N.W.2d at 842. Given this constitutional authority, there is therefore no encroachment on judicial power when the governor acts in these areas.

■■■ A sentence is "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted...." Black's Law Dictionary 1362 (6th ed.1990). This is consistent with the definition of judicial power: the power to decide and pronounce a judgment and carry it into effect. Sentencing therefore falls within the realm of judicial power. *State v. Iowa Dist. Ct. for Black Hawk County,* 616 N.W.2d 575, 578 (Iowa 2000) ("Although the legislature prescribes the punishment for crimes, the actual sentencing of a defendant is an independent function that is the sole province of the judiciary."); *State v. Longo,* 608 N.W.2d 471, 475 (Iowa 2000) ("sentencing is the sole prerogative of the judge"). Because sentencing falls within the realm of

judicial power, any encroachment on this power is a violation of the separation-of-powers doctrine.

The powers transferred under the challenged statutes that clearly encroach upon judicial power include those enabling the ALJ to (1) reconsider the defendant's sentence "in the manner provided in sections 902.4 and 903.2," (2) sentence the defendant to a jail term while continuing probation, (3) revoke probation and *require the defendant to serve a lesser sentence than that imposed by the district court;* and (4) revoke probation and *place the defendant on work release. See* Iowa Code § 908.11; Iowa Admin. Code r. 205—12.7(10)(c)(2). To the extent that these provisions relate to sentencing, they involve sentencing functions—functions that are clearly reserved to the judiciary. This is because sentencing involves the power to decide and pronounce a judgment and carry it into effect—the quintessential element of judicial power. Therefore, to the extent the challenged statutes transfer sentencing functions to the ALJ, they constitute a violation of the separation-of-powers clause of the Iowa Constitution.

That leaves for our consideration the ability of the ALJ under the challenged statutes to revoke or continue probation. *See* Iowa Code §§ 908.11(6)(d) (authority to revoke probation if a violation of probation is established); 908.11(6)(a) (authority to continue probation even if a violation of probation is established). We think for reasons that follow this too encroaches on judicial power and therefore violates the separation-of-powers clause of the Iowa Constitution.

■ Probation "relates to *judicial action* taken before the prison door is closed." *State v. Wright,* 202 N.W.2d 72, 76 (Iowa 1972) (emphasis added). In contrast, parole "relates to executive or administrative action taken after the door

has been closed on the convict." *Wright,* 202 N.W.2d at 76.

■ We have recognized that "[a] court has no power to suspend a sentence unless that power is conferred by statute." *Iowa Dist. Ct. for Shelby County,* 308 N.W.2d at 29. That power is found in Iowa Code chapter 907.

Iowa Code section 907.1(3) defines a "suspended sentence" as

> a sentencing option whereby the court pronounces judgment and imposes a sentence and then suspends execution of the sentence subject to the defendant's compliance with conditions set by the court as a requirement of the suspended sentence. Revocation of the suspended sentence results in the execution of sentence already pronounced.

Iowa Code § 907.1(3).

Iowa Code section 907.1(4) defines "probation" as

> the procedure under which a defendant, against whom a judgment of conviction of a public offense has been or may be entered, is released by the court subject to supervision by a resident of this state or by the judicial district department of correctional services.

Iowa Code § 907.1(4).

Iowa Code 907.3(3) gives the court power to suspend a sentence and place the defendant on probation:

> By record entry at the time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility for a specific number of

days to be followed by a term of probation....

Iowa Code § 907.3(3).

The legislature has also given the court the power to revoke or continue probation. *See* Iowa Code § 908.11(6)(d) (providing that if a violation of probation is established, the court may "[r]evoke the probation and require the defendant to serve the sentence imposed or any lesser sentence"); Iowa Code § 908.11(6)(a) (providing that if a violation of probation is established, the court may "[c]ontinue the probation with or without an alteration of the conditions of probation"). Although suspending a sentence and granting probation do not constitute imposing a sentence, *see Wright*, 202 N.W.2d at 76, they are akin to sentencing in that they represent a sentencing alternative. The legislature has chosen language confirming this characterization. *See* Iowa Code § 907.1(3) (defining a "suspended sentence" as "a sentencing option").

In any event, suspending a sentence, granting probation, revoking probation, or continuing probation fall within the realm of judicial powers. They are judicial functions which result in a court deciding and pronouncing a judgment and carrying it into effect. Because the challenged statutes vest such powers in the ALJs in the sixth judicial district, they encroach upon judicial power and therefore violate the separation-of-powers doctrine of the Iowa Constitution.

The defendants' fallback position is that the aggrieved probationer may still seek judicial review of an ALJ's decision through Iowa Code chapter 17A. Such a review, however, does not change the fact that the challenged statutes violate the separation-of-powers doctrine. Moreover, the defendants overlook the fact that a court in the first instance may have reached a result different from the ALJ's, but given the limited nature of judicial review, the ALJ's decision would nevertheless stand. *See Dubuque Casino Belle, Inc. v. Bair*, 562 N.W.2d 605, 606 (Iowa 1997) (agency's decision must be upheld if it is supported by substantial evidence).

## VII. Disposition.

In sum, we conclude, contrary to the district court's ruling, that the challenged statutes violate the separation-of-powers clause of the Iowa Constitution. We therefore reverse and remand for further proceedings on the plaintiffs' request for injunctive relief. Our decision shall not apply retroactively to cases in which a final decision has been rendered unless the case is pending on appeal and the issue was preserved.

**REVERSED AND REMANDED.**