# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2971

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Daniel Akers, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 4, 2005
Filed: June 1, 2005

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Akers appeals an 87-month sentence entered by the district court.[1] Akers argues that an Iowa state jail term was constitutionally invalid and should not have counted in his criminal history and that the Iowa Department of Corrections lacked subject matter jurisdiction to administratively sentence him. We disagree and affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## I. *Background*

Daniel Akers was on probation for two felony offenses. Officers went to Akers's residence to serve a probation-violation warrant on him. Akers's girlfriend told the police that she had not seen Akers for several days. The officers requested permission from Akers's girlfriend to search the home. She consented to the search. During their search, the officers found Akers hiding in a closet and arrested him. Additionally, the officers found ammunition for a wide variety of firearms, two stun guns, and some marijuana in Akers's home and vehicle.

Akers was charged as a felon-in-possession of ammunition and entered a plea of guilty. Akers's underlying Iowa felony conviction was for third-degree burglary for which he received only probation. Akers violated that probation and was sentenced to 60 days in jail by an administrative judge in the Iowa Department of Corrections pursuant to a pilot sentencing program. Subsequently, the Iowa Supreme Court declared the program unconstitutional. *Klouda v. Sixth Judicial Dist. Dep't of Corr. Serv.*, 642 N.W.2d 255 (Iowa 2002).

At Akers's federal sentencing, because of the 60-day state sentence, he received two criminal history points under U.S.S.G. § 4A1.1(b), instead of only one criminal history point under § 4A1.1(c). In addition, Akers received another criminal history point under § 4A1.1(e). As a result, Akers had an offense level of 21 and a criminal history category of V for a sentencing range of 70 to 87 months. The district court sentenced Akers to 87 months' imprisonment, three years of supervised release, and a $100 special assessment. From this sentence, Akers appeals.

## II. *Discussion*

Akers first argues that his 60-day jail term is constitutionally invalid under *Klouda*, and therefore, should not be counted in his criminal history under U.S.S.G. § 4A1.2 ("Sentences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted"). Additionally, Akers

contends that the 60-day jail sentence is invalid because the Iowa Department of Corrections lacked subject matter jurisdiction to impose a sentence. Both of Akers arguments are without merit.

While it is true that § 4A1.2 prohibits using sentences derived from unconstitutional decisions to calculate criminal history, Akers misreads *Klouda*. According to Akers, *Klouda* automatically and retroactively invalidated all prior sentencing made under the administrative procedure employed by the Iowa Department of Corrections. This is incorrect. The Iowa Supreme Court expressly restricted the application of *Klouda*, stating, "[o]ur decision shall not apply retroactively to cases in which a final decision has been rendered unless the case is pending on appeal and the issue was preserved." *Klouda*, 642 N.W.2d at 263. Akers failed to preserve the issue. He did not challenge the Iowa Department of Corrections administrative procedure at the state level, and thus, *Klouda* did not apply to invalidate his 60-day jail term. Akers's jail sentence is not unconstitutional.

Akers also argues that the Department of Corrections did not have subject matter jurisdiction when it administratively sentenced him. We disagree. A court must have subject matter jurisdiction "to hear and determine cases of the general class to which the proceedings in question belong." *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989) (citing *Wederath v. Brant*, 287 N.W.2d 591, 594 (Iowa 1980)). A challenge to subject matter jurisdiction may be brought at any time, even for the first time on appeal. *State ex rel. Vega v. Medina*, 549 N.W.2d 507, 508 (Iowa 1996). The Iowa supreme court based its *Klouda* decision on the principle of separation of powers. It did not hold that subject matter jurisdiction was lacking. If it had done so, the *Klouda* court would have applied its decision retroactively but the court expressly refused to do so.

For the foregoing reasons we affirm the decision of the district court.

_____