# IN THE SUPREME COURT OF IOWA

No. 21–0411

Submitted September 15, 2022—Filed October 21, 2022

Amended October 27, 2022

**ARZEL JONES,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

---

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

A represented party filed a pro se notice of appeal from a ruling denying his petition for postconviction relief and seeks a delayed appeal. **APPEAL DISMISSED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

This appeal presents the question whether a pro se notice of appeal filed by a represented party in postconviction proceedings is valid, and if not, whether we will allow a delayed appeal after his attorney filed an untimely notice of appeal. We answer "no" to both questions.

Arzel Jones was convicted of kidnapping, assault causing bodily injury, second-degree sex abuse, and related crimes. We affirmed his convictions on direct appeal. *State v. Jones*, 817 N.W.2d 11, 15, 22–23 (Iowa 2012). He sought postconviction relief under Iowa Code chapter 822, which the district court denied. He filed a pro se notice of appeal within thirty days, and several months later his counsel filed a notice of appeal and motion for delayed appeal, which the State resisted. We retained the case and ordered the parties to brief the jurisdictional issues.

For the reasons explained below, we hold that Jones's pro se notice of appeal filed in 2021 while he was represented by counsel was a nullity under Iowa Code section 822.3A (2021), which prohibits the filing of pro se documents by represented parties and the court's consideration thereof. The legislature subsequently amended this statute effective July 1, 2022, to allow pro se notices of appeal by represented litigants, but the 2021 statute controls this case. *See* 2022 Iowa Acts ch. 1110, § 2 (to be codified at Iowa Code § 822.3A(3)(*b*) (2023)). We decline to allow delayed appeals in postconviction proceedings. We dismiss this appeal for lack of jurisdiction.

## I. Background Facts and Proceedings.

Arzel Jones was convicted of crimes he committed over a five-day period with a single victim, M.P. He met her in the fall of 2007 at a bar in Marshalltown where she worked. They began a consensual sexual relationship and saw each other daily that autumn. Their relationship soured on November 30 when Jones brought M.P. to his apartment and accused her of being unfaithful. "Over the course of the next several hours, Jones punched M.P. in the chest two or three times, slapped her across the face, and slapped the back of her head." *Jones*, 817 N.W.2d at 13. When M.P. did not show up for work, her ex-boyfriend called 911 and police performed a welfare check on M.P. at Jones's apartment. Jones prevented her from responding when officers knocked on the door. Jones then directed M.P. to call her family and the police and falsely report she was in Ames with a friend, which she did.

M.P. spent the weekend at Jones's apartment because she did not think he would let her leave and she did not want her parents or her son to see her injuries. M.P. finally left Jones's apartment on the afternoon of December 3 to pick her son up from school. That day she worked the late shift at the bar. Jones arrived there after midnight and had several drinks while he watched M.P. He left just before the bar closed. M.P. finished her shift, and when she started her car, Jones jumped in. He forced her back to his apartment.

> Once inside, Jones locked the door and ordered M.P. to remove her clothes. During the next several hours, Jones forced M.P. to engage in nonconsensual sexual activity by holding a metal fork to her neck, threatened M.P.'s life, kicked M.P. in the face while wearing boots, punched M.P. in the chest, and strangled her.

*Id.* at 14. The State charged Jones with multiple crimes. *Id.* He waived his right to a jury trial and after a three-day bench trial Jones was found guilty and sentenced to consecutive prison sentences totaling thirty-five years. *Id.* at 14–15. The court of appeals affirmed his convictions, as did we on further review. *Id.* at 15, 22–23.

Jones filed this action for postconviction relief (PCR), which, after many delays, was tried to the court for five days ending on December 17, 2020. Jones argued his trial counsel was ineffective for failing to have DNA testing done on a washcloth to show the absence of blood and for failing to challenge a forty-four-minute gap between crime scene photos of forks. He theorized the police planted one fork identical to another the victim testified he held to her throat when forcing her to perform oral sex. The State offered testimony from Jones's trial counsel who strategized not to do the DNA testing because it could have helped prove the prosecution's case and because the absence of blood on the washcloth would have been consistent with the victim's testimony that neither she nor Jones cleaned up her blood with it. The State also presented testimony explaining how the officers' other duties at the crime scene caused the delay between photos.

The PCR court denied Jones's motion to compel an Iowa Division of Criminal Investigation (DCI) forensic analyst to act as his expert witness and investigator. The court noted Jones already had been appointed a private investigator at state expense. The court questioned whether a DCI analyst could be compelled to work for Jones. The court also noted that Jones obtained

testimony from a Marshalltown police crime scene technician, and concluded Jones failed to show he needed another investigator.

The court denied Jones's motion to compel testimony from the victim, M.P. The court concluded that Jones had the victim's trial testimony and the mere possibility she might change some answers did not support compelling cumulative testimony. Jones presented no evidence that M.P. had recanted or changed her story in any material way. The court declined to allow a fishing expedition that would harass and revictimize the victim.

The court also denied Jones's motion to compel testimony from the prosecutor, who had moved out of state and was unavailable. Jones made no showing that her testimony was needed in the PCR trial when the original trial transcript and record was available. The court ruled that the prosecutor's mental impressions were off limits, her testimony was irrelevant, and Jones had no right to compel her testimony.

On February 26, 2021, the court entered a thirty-nine-page ruling denying relief on all remaining claims. Jones's counsel filed a motion for new trial on March 15, and the district court denied it the following day. On March 22, Jones filed a handwritten "Pro-Se Motion Under *Lado v. State*"[1] in district court that stated he was "requesting my appeal from my P.C.R. trial." Jones's postconviction counsel took no further action. On March 31, the district court appointed a different lawyer to represent Jones on his appeal. Neither lawyer

---

[1] 804 N.W.2d 248 (Iowa 2011).

filed a timely notice of appeal. On August 6, we ordered the parties to brief the issue of whether we have jurisdiction over Jones's appeal. On August 9, Jones's appellate counsel filed a notice of appeal and a motion for delayed appeal, which the State resisted. On October 6, we determined the motion for delayed appeal should be submitted with the appeal and directed the parties to brief the jurisdictional issue and whether a delayed appeal should be granted.

In his appellate brief, Jones argues his notice of appeal was valid because it was not prohibited by Iowa Code section 822.3A (2021), he was not represented by counsel at that time, and a prohibition would be unconstitutional under the separation of powers doctrine. Alternatively, he argues we should allow a delayed appeal. On the merits, Jones raises the same PCR claims discussed above. The State urges us to bypass the statutory issue and allow a delayed appeal, and affirm on the merits. We retained the case.

## II. Appellate Jurisdiction.

"The issue of the timeliness of appeals is jurisdictional for civil and criminal cases." *Anderson v. State*, 962 N.W.2d 760, 762 (Iowa 2021). "The failure to timely appeal generally terminates appellate jurisdiction." *Id.* We must decide whether Jones's pro se filing constitutes a valid notice of appeal allowing our appellate jurisdiction, and if not, whether we will grant his motion for a delayed appeal. We have allowed delayed appeals in several direct appeals in criminal cases, and in some "termination-of-parental-rights cases depending on the circumstances." *Id.* But we have never previously held that delayed appeals are allowed in postconviction proceedings. *See id.* In *Anderson v. State*, we denied

a delayed appeal in a postconviction case without deciding whether that relief was available because the appellant had "waited six months after learning of his attorney's failure to timely file a notice to appeal before filing his motion for delayed appeal." *Id.* at 763.

Iowa Code section 814.6A (applying to direct appeals) and section 822.3A (2021) (applying to postconviction cases) have the same language prohibiting pro se filings by represented parties. In several direct appeals, we allowed delayed appeals without deciding whether Iowa Code section 814.6A(1) invalidates a pro se notice of appeal filed by a defendant represented by counsel. *See, e.g.*, *State v. Davis*, 969 N.W.2d 783, 785–88 (Iowa 2022); *see also State v. Wilbourn*, 974 N.W.2d 58, 60 (Iowa 2022) (resolving the section 814.6A issue by allowing a delayed appeal under *State v. Davis*); *State v. Crawford*, 972 N.W.2d 189, 194 (Iowa 2022) (same); *State v. Newman*, 970 N.W.2d 866, 868–69 (Iowa 2022) (same); *State v. Jackson-Douglass*, 970 N.W.2d 252, 255 (Iowa 2022) (same). The State suggests that we simply take the same approach and grant Jones's motion for a delayed appeal without deciding whether section 822.3A nullifies his notice of appeal. We decline the parties' invitation to hold, for the first time, that delayed appeals are allowed in postconviction proceedings.

**A. Whether Jones's Pro Se Notice of Appeal Is a Nullity.** We begin with the text of the statute. Section 822.3A in 2021 stated,

> 1. An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.

2. This section does not prohibit an applicant for postconviction relief from proceeding without the assistance of counsel.

3. A represented applicant for postconviction relief may file a pro se motion seeking disqualification of counsel, which a court may grant upon a showing of good cause.

Iowa Code § 822.3A.

The legislature amended section 822.3A this year to allow PCR applicants who are represented by counsel to file pro se notices of appeal. 2022 Iowa Acts ch. 1110, § 2 (to be codified at Iowa Code § 822.3A(3)(*b*) (2023)). That amendment became effective July 1, 2022, and is inapplicable to Jones's pro se notice of appeal filed March 22, 2021. *See Hrbek v. State*, 958 N.W.2d 779, 783 (Iowa 2021) (holding the "event of legal consequence" for determining which statute applies is the date the challenged pro se document is filed); *see also State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019) (holding the appeal is governed by the statute in place at the time of judgment, and not by a subsequent statutory amendment).

We presume the legislature changed the law this year to prospectively allow pro se notices of appeal by represented parties, rather than merely to clarify which pro se filings were covered by the prior enactment. *See Griffin Pipe Prods. Co. v. Guarino*, 663 N.W.2d 862, 867 (Iowa 2003). The statute in effect in 2021 did not expressly allow a represented party to file a pro se notice of appeal. Rather, the operative statutory text prohibits a represented party from filing "any" pro se document other than a motion to disqualify counsel. And the plain language of the statute prohibits the court from considering any pro se filings

apart from motions to disqualify counsel. We are not persuaded that by providing a nonexclusive list of prohibited filings ("including an application, brief, reply brief, or motion") the legislature by implication allowed other documents to be filed, such as a notice of appeal. "Any" means "any," and the only exception stated is for a motion to disqualify. We hold that under Iowa Code section 822.3A (2021) a pro se notice of appeal by a represented party is a nullity, and *counsel* must timely file the notice of appeal to invoke appellate jurisdiction.

We reject Jones's assertion that he was not represented by counsel when he filed the notice of appeal. The duties of his appointed PCR counsel continued after the trial. *See Jackson-Douglass*, 970 N.W.2d at 255–56; *see also* Iowa R. Crim. P. 2.29(6) (requiring trial counsel to file the notice of appeal unless appellate counsel has already been appointed). Another lawyer was subsequently appointed for the appeal within the period to file a timely notice of appeal. At all relevant times, Jones was represented by counsel.

We also reject Jones's constitutional challenge to section 822.3A under the separation-of-powers doctrine. "Because statutes are cloaked with a strong presumption of constitutionality, a party challenging a statute carries a heavy burden of rebutting this presumption." *Hrbek*, 958 N.W.2d at 784 (quoting *Klouda v. Sixth Jud. Dist. Dep't of Corr. Servs.*, 642 N.W.2d 255, 260 (Iowa 2002)). We have already rejected such a challenge and upheld the constitutionality of this statute in *State v. Hrbek*. *Id.* at 784–89. *Hrbek* is dispositive here. *See id.* We hold Jones's notice of appeal is a nullity.

**B. Whether a Delayed Appeal Should Be Allowed.** Finally, we address Jones's request for a delayed appeal. We have never previously held that delayed appeals are allowed in postconviction proceedings, but we reserved the question whether to do so in *Anderson*, 962 N.W.2d at 762–63. We recently elected to allow delayed appeals in termination-of-parental-rights cases for "negligible" delays when "the parent clearly intended to appeal and the failure to timely perfect the appeal was outside of the parent's control." *In re A.B.*, 957 N.W.2d 280, 292–93 (Iowa 2021). We have allowed delayed *direct* appeals when the "defendant has expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control." *Davis*, 969 N.W.2d at 787. We limited delayed appeals "to those instances where a valid due process argument might be advanced should the right of appeal be denied." *Id.* (quoting *Swanson v. State*, 406 N.W.2d 792, 793 (Iowa 1987)); *see also In re A.B.*, 957 N.W.2d. at 291–92 (relying on parents' fundamental liberty interest in raising their children).

The due process argument does not apply to appeals from postconviction proceedings, because the defendant has already been convicted in the criminal proceedings with full due process protections. *See Miller v. Baldwin*, 32 P.3d 234, 238–39 (Or. Ct. App. 2001) (declining to allow delayed postconviction appeal). As the *Miller v. Baldwin* court explained, due process rights differ in direct criminal appeals and parental rights cases on the one hand, and postconviction appeals on the other hand:

> [U]nlike a proceeding for termination of parental rights, in which the state brings the direct weight of its power to bear on parents who risk losing the fundamental right of parenthood, petitioner has been convicted of a crime in an underlying proceeding. . . . Here, unlike in the criminal proceeding, petitioner is the party who is ultimately responsible for prosecuting the action. In sum, this is a collateral civil proceeding, in which *petitioner* is the party seeking relief. The *Geist* rationale is not controlling here merely because petitioner, like the parent in *Geist,* also has a statutory right to suitable counsel.

*Id.* (alteration in original) (quoting *Elkins v. Thompson,* 25 P.3d 376, 381 (Or. Ct. App. 2001)); *see also State v. Nichols,* 463 N.E.2d 375, 377–78 (Ohio 1984) (rejecting right to delayed appeal in postconviction proceeding, which is a civil proceeding, after the defendant's direct appeal in his criminal case); *Stokes v. State,* 146 S.W.3d 56, 59–61 (Tenn. 2004) (declining to allow delayed postconviction appeal to state supreme court because "all due process requires during post-convictions procedures is a meaningful opportunity to be heard" that was satisfied by the "full evidentiary hearing" at the trial level and timely-filed "first-tier" appellate review).

"Due process merely requires an opportunity to present those claims in some forum." *State v. Treptow,* 960 N.W.2d 98, 108 (Iowa 2021). Jones has already had a trial and direct appeal and a postconviction trial in district court and the opportunity to timely file an appeal from the postconviction judgment. Due process does not require a right to a delayed appeal in postconviction proceedings. The deadline for filing a notice of appeal remains mandatory: "[w]here an appellant is late in filing, by as little as one day, we are without jurisdiction to consider the appeal." *Root v. Toney,* 841 N.W.2d 83, 87 (Iowa 2013) (quoting *In re Marriage of Mantz,* 266 N.W.2d 758, 759 (Iowa 1978)). Our

rules require the notice of appeal to be filed within thirty days. That ends the inquiry. This deadline imposes a limit on the court's jurisdiction that we decline to extend through extemporaneous suspensions of enforcement on a case-by-case basis. Ad hoc exceptions undermine the efficacy of the rules and create confusion. As other jurists have aptly observed:

> Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by *ad hoc* relaxations by this Court in particular cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar.

*Houston v. Lack*, 487 U.S. 266, 283 (1988) (Scalia, J., dissenting) (quoting *Thompson v. INS*, 375 U.S. 384, 390 (Clark, J., dissenting) (1964) (per curiam), *overruled by Bowles v. Russell*, 551 U.S. 205 (2007)).

We hold that Jones is not entitled to a delayed appeal. Because Jones's pro se notice of appeal was a nullity, and his counsel's notice of appeal was late, we lack jurisdiction over this untimely appeal.

**III. Disposition.**

For the foregoing reasons, we dismiss Jones's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**