**IN THE COURT OF APPEALS OF IOWA**

No. 19-0975
Filed September 2, 2020

**DANIEL RAY PENTICOFF,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.


        Daniel Penticoff appeals the district court order dismissing his

postconviction-relief application as time barred. **AFFIRMED IN PART,**

**REVERSED IN PART, AND REMANDED.**


        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.


        Considered by Tabor, P.J., and May and Greer, JJ.

**GREER, Judge.**

Daniel Penticoff appeals the district court ruling that his postconviction-relief action (PCR) is time-barred, arguing his application falls under exceptions to the three-year statute of limitations. We reverse the dismissal of his actual-innocence claim and remand for further proceedings.

### I. Background Facts and Proceedings.

On April 13, 2015, when Penticoff was seventeen, the district court accepted his guilty plea to one count of robbery in the first degree in violation of Iowa Code section 711.1 (2014). The same day, he was sentenced to a suspended twenty-five-year prison sentence and placed on probation. Penticoff did not appeal.

In December, the district court revoked Penticoff's probation and suspended sentence and sent him to prison after he admitted to probation violations. In June 2016, the court reconsidered its decision to incarcerate Penticoff and again placed him on probation on the condition that he reside at a residential correctional facility. Less than a month later, Penticoff again violated the conditions of his probation when he escaped from the residential facility and fled to Wisconsin. He was later arrested and returned to Iowa. On December 23, after a hearing, the court sent him back to prison. Penticoff asked the court to reconsider the sentence, which the court declined. Penticoff has been incarcerated since the second revocation.

On March 23, 2018, the Iowa Supreme Court decided *Schmidt v. State*, which reversed a line of cases that prohibited criminal defendants who knowingly and voluntarily pled guilty from raising challenges extrinsic to the plea and "created

a new standard for freestanding actual-innocence claims." 909 N.W.2d 778, 798–99 (Iowa 2018). About three weeks later, on April 13, the statute of limitations on Penticoff's PCR claims expired.

On August 17, almost five months after the Iowa Supreme Court decided *Schmidt* and almost four months after his three-year PCR deadline, Penticoff filed a PCR application, raising five constitutional claims, including a freestanding actual-innocence claim based on *Schmidt*. The State moved to dismiss, claiming the postconviction application was filed outside the statute of limitations. Penticoff resisted, arguing the statute of limitations did not apply as there were facts and law that could not have been raised within the three-year time limit.

The district court held an unreported hearing on the motion to dismiss in March 2019. In a written ruling, the court determined that Penticoff's conviction and sentence were final on April 13, 2015, and "[t]he grounds of fact or law raised by [Penticoff] in support of his request for relief are ones that could have been raised within the three-year limitation period," so the application was time-barred. The court granted the State's motion to dismiss Penticoff's PCR application. Penticoff appeals.

## II. Scope of Review.

"We review summary dismissals of postconviction-relief applications for errors at law." *Schmidt*, 909 N.W.2d at 784. "[F]or a summary disposition to be proper, the State must be able to prevail as if it were filing a motion for summary judgment in a civil proceeding." *Id.* "Applying summary judgment principles, summary disposition is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . .

there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (citation omitted). "We view the record in the light most favorable to the nonmoving party" and we will "draw all legitimate inferences from the evidence in favor of the nonmoving party." *Id.*

### III. Analysis.

Iowa Code section 822.3 (2018) provides that "[a]ll . . . applications must be filed within three years from the date the conviction or decision is final, or in the event of an appeal, from the date the writ of procedendo is issued." "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

Penticoff accepts April 13, 2018, as his deadline to file a PCR application but argues his actual-innocence claim falls under the "ground of fact or law" exception.[1] As for the ground-of-law exception, Penticoff argues that a freestanding actual-innocence claim was unavailable to him until *Schmidt*, which was filed three weeks before the statute of limitations for his PCR claims expired. Penticoff argues *Schmidt* is a ground of law that he could not have raised within the limitations period.

A ground of law sufficient to avoid the time bar of section 822.3 includes "a ground of law that had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority" and "a category of legal claims that were viewed as fruitless at the time but became meritorious later on." *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013). It does not include a

---

[1] Penticoff does not challenge the district court's dismissal of his other PCR claims.

mere "clarification of the law" or "an application of preexisting law." *Id.* (citation omitted).

*Schmidt* recognized a freestanding actual-innocence claim and concluded these claims were "available to applicants even though they pled guilty." *Schmidt*, 909 N.W.2d at 795. *Schmidt* overruled prior law that did not allow for extrinsic challenges to guilty pleas. 909 N.W.2d at 790 ("[W]e overrule our cases holding that defendants may only attack the intrinsic nature. . . of their pleas."); *see also id.* at 800 (Cady, C.J., concurring) (describing the actual-innocence challenge to a guilty plea as a "new claim"); *State v. Bendickson*, No. 18-0229, 2018 WL 4915912, at *3 (Iowa Ct. App. Oct. 10, 2018) (recognizing, in a direct appeal, that *Schmidt* "created a new standard" by "recogniz[ing] a new exception to the principle that guilty pleas waive all defenses and objections not intrinsic to those pleas."). For that reason, *Schmidt* is a new ground of law.

Here, while *Schmidt* was decided before the statute of limitations ran, it is unclear whether Penticoff learned of the decision in the three weeks between the opinion and the limitations period expiring. Penticoff raised his actual-innocence claim within five months of the *Schmidt* opinion. *See Nguyen*, 829 N.W.2d at 188 (implying that a PCR filed outside the statute of limitations but within three years of a new ground of law was filed within a reasonable amount of time); *Dixon v. State*, No. 16-1978, 2018 WL 739259, at *2 (Iowa Ct. App. Feb. 7, 2018) (discussing the implied three-year period from *Nguyen*); *Burkett v State*, No. 14-0998, 2015 WL 5278970, at *3 (Iowa Ct. App. Sept. 10, 2015) ("*Nguyen* suggests an applicant should have to raise a change in the law within a reasonable period after the change is announced and the opinion implies the reasonable period is

three years."). *But see Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Apr. 3, 2019) (concluding that "all of [the applicant's] arguments were available to him within th[e] three-year period . . . and *Schmidt* does not provide an additional exception applicable to [the applicant]"); *Abdic v. State*, No. 18-0321, 2018 WL 6707752, at *2 (Iowa Ct. App. Dec. 19, 2018) (concluding that even if there were a change in the law based on a new supreme court opinion, the change occurred when the applicant had over two years to raise the claim before the statute of limitations ran).

Using *Nguyen* as our guidepost, we conclude Penticoff raised his actual-innocence claim within a reasonable time after the *Schmidt* opinion and his actual-innocence claim falls under the ground-of-law exception to section 822.3. Because we resolve Penticoff's appeal on the ground-of-law exception to the statute-of-limitations, we need not address the ground-of-fact exception.

The district court did not reach the merits of Penticoff's actual-innocence claim, and for that reason, neither do we.[2] We remand to the district court for further proceedings on that claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Tabor, P.J., concurs; May, J., dissents.

---

[2] We note Penticoff's motion to compel discovery was pending while the dismissal was considered by the court.

**MAY, Judge** (dissenting).

"The onus" was on Penticoff to demonstrate he "could not" have raised his postconviction-relief (PCR) claims within three years after his sentencing. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). But Penticoff failed to do so. So Penticoff's claims are time-barred under Iowa Code section 822.3 (2018). We should affirm. I respectfully dissent.

### I. Iowa Code section 822.3.

PCR actions are governed by Iowa Code chapter 822. We find the Code's meaning in its words. *See Fishel v. Redenbaugh*, 939 N.W.2d 660, 663 (Iowa Ct. App. 2019).

Section 822.3 contains a time limit.[3] It states in relevant part:

> *All* [PCR[4]] applications *must be filed* within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. *However,* this limitation *does not apply* to a ground of fact or law that **could not** have been raised within the applicable time period.

Iowa Code § 822.3 (emphasis added).

Through this text, the legislature required most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event

---

[3] A historical note: our Code did not always include a limitation period for PCR claims. The limitation contained in section 822.3 was not enacted until 1984. *Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020) (citing 1984 Iowa Acts ch. 1193, § 1 (then codified at Iowa Code § 663A.3 (1985))); *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 842 (Iowa 1986)). Before then, there was "no deadline for" any kind of PCR claim. *Sahinovic*, 940 N.W.2d at 359; *cf.* 39 Am. Jur. 2d *Habeas Corpus* § 166 (2020 Update) (noting "[u]nder the Uniform Post-Conviction Procedure Act, an application for postconviction relief may be filed at any time" (citing Unif. Post-Conviction Procedure Act § 3(b) (1980))).

[4] There is a special exception for applicants "seeking relief under section 822.2, subsection 1, paragraph 'f.'" Because Penticoff does not seek relief under section 822.2(1)(f), this exception is not relevant here.

of an appeal, from the date the writ of procedendo is issued." *Id.* But the legislature created an exception for claims based on "ground[s] of fact or law that ***could not*** have been raised within the" three-year period. *Id.* (emphasis added). The three-year "limitation does not apply" to those claims. *Id.*; *see Burkett v. State*, No. 14-0998, 2015 WL 5278970, at *2 (Iowa Ct. App. Sept. 10, 2015) (noting "[t]he statute says nothing about a deadline for raising the 'ground of law' exception").[5]

Here, it is undisputed Penticoff failed to file this PCR case within three years after his April 13, 2015 sentencing, from which he took no direct appeal. So the only question is whether Penticoff's claims fit the exception for "a ground of fact or law that *could not* have been raised within the" statutory three-year period. Iowa Code § 822.3 (emphasis added). If not, Penticoff's case is time-barred.

Penticoff alleges his *Schmidt v. State* claim fits the exception. *See* 909 N.W.2d 778, 784 (Iowa 2018). But allegations alone are not enough. Rather, Penticoff bears the burden of *demonstrating* his *Schmidt* claim "could not" have been brought within three years of his sentencing. *See Moon*, 911 N.W.2d at 143 (noting "[t]he onus is on the applicant" to show "he or she could not have raised the ground of fact within the limitations period").[6] Yet Penticoff has cited no record

---

[5] As will be discussed, however, several decisions have held that claims based on a "ground of fact or law that could not have been raised within the" statutory three-year period must be filed within three years after the new ground of fact or law becomes available. *See, e.g.*, *Dixon v. State*, No. 16-1978, 2018 WL 739259, at *2 (Iowa Ct. App. Feb. 7, 2018).

[6] *See, e.g.*, *Martin v. State*, No. 17-1543, 2018 WL 3655092, at *2 (Iowa Ct. App. Aug. 1, 2018) ("Martin has the burden to show his application comes within the exception to the three-year statute of limitations."); *Gonzales Becerra v. State*, No. 15-2067, 2017 WL 2461435, at *1 (Iowa Ct. App. June 7, 2017) ("He bears the burden of showing the exception applies to his PCR application."); *Blair v. State*, No. 15-0482, 2016 WL 3003378, at *2 (Iowa Ct. App. May 25, 2016) ("The burden of showing a PCR application was filed within the exception to the three-year

evidence to support his allegation.  *See* Iowa R. App. P. 6.903(2)(f).  Nor have I found any.  For example, the record contains no affidavit describing what led Penticoff to file when he did.  Nor does other evidence show why Penticoff failed to file within the three-year period—even though the supreme court filed *Schmidt* before the three-year period expired.  *See* 909 N.W.2d at 778 (listing the filing date as March 23, 2018).[7]

Because Penticoff did not meet his burden of showing "a ground of fact or law that *could not* have been raised within" three years of his sentencing, Penticoff was required to file his claims within those three years.  He failed to do so.  So the district court was right to dismiss his suit.

## II.	The Second Three-Year Period.

As explained, the words of section 822.3 describe a single three-year limitation period.  It begins on "the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  Iowa Code § 822.3.

---

statute of limitations is on the applicant."); *Moore v. State*, No. 14-1241, 2016 WL 1358489, at *2 (Iowa Ct. App. Apr. 6, 2016) ("Moore has the burden to show his application comes within the exception to the three-year statute of limitations."); *Sihavong v. State*, No. 14-0440, 2016 WL 351286, at *1 (Iowa Ct. App. Jan. 27, 2016) ("Sihavong has the burden to show his application comes within the exception to the three-year statute of limitations.");.

[7] In his brief, Penticoff says it is "nonsensical" to "expect an inmate" to have learned of *Schmidt* and then to have filed a PCR petition in the short time period between *Schmidt*'s filing on March 23, 2018, and the three-year-anniversary of Penticoff's sentencing on April 13, 2018.  This might or might not be true.  The record does not allow us to know.  For all we know, Penticoff could have learned of *Schmidt* on the day it was issued.  For all we know, Penticoff's lawyer could have offered to file an actual-innocence PCR action on the same day *Schmidt* was decided.  The record simply does not show what happened.  And so the record does not show Penticoff "could not" have raised his *Schmidt* claim within three-years after his sentencing.

But several decisions have recognized that *another* three-year limitation period can apply in some cases. These decisions include *Nguyen v. State* (*Nguyen I*), 829 N.W.2d 183, 188 (Iowa 2013), *Nguyen v. State* (*Nguyen II*), 878 N.W.2d 744, 752 (Iowa 2016), and several court of appeals decisions. They suggest that, even when an applicant relies on a "ground of fact or law that could not have been raised . . . within" the three-year period described in the statute, the applicant must still file their PCR action within a *second* three-year limitation period that begins when a previously-unavailable "ground of fact or law" first becomes available.[8]

---

[8] It appears the second three-year limitation period was first recognized in *Nguyen I*, 829 N.W.2d at 188. There, the supreme court suggested that, although the applicant had been convicted in 1999 and procedendo issued in 2002, the applicant's second PCR application was timely because it was filed "within three years of [the court's] decision in *State v. Heemstra*, 721 N.W.2d 549 (2006)." *Id.* at 184. Later, in *Nguyen II*, the court held that, although the applicant had been convicted in 1999 and procedendo issued in 2002, the applicant's 2015 claim of ineffective assistance of PCR counsel was timely because it was filed within three years of April 5, 2013, "[t]he first time [postconviction-relief] counsel could have been ineffective." *Nguyen II*, 878 N.W.2d at 752.

Following the lead of *Nguyen I* and *Nguyen II*, several court of appeals decisions have recognized an "implied" three-year limitation period that runs from the appearance of a ground of fact or law that could not have been raised within the original three-year limitation period. *See, e.g.*, *Dixon*, 2018 WL 739259, at *2 (noting that, in *Nguyen I*, the "court implied the ground-of-law exception could be raised within three years of the law-changing decision rather than three years from when procedendo issued in the direct appeal, as set forth in section 822.3"); *Burkett*, 2015 WL 5278970, at *1 ("*Nguyen* [I] suggests an applicant should have to raise a change in the law within a reasonable period after the change is announced and the opinion implies the reasonable period is three years. Burkett essentially concedes the applicability of this implied limitation period."); *see also* *Moore*, 2016 WL 1358489, at *3 n.2 (collecting cases in which the court of appeals has concluded "that a PCR application challenging a conviction based on the *Heemstra* holding should be filed within three years after *Heemstra* was decided in order to be timely"); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015) ("In [*Nguyen I*], the supreme court held that a *Heemstra* challenge to felony murder jury instructions fell within the new-ground-of-law exception to the statute of limitations. Implicit in that holding, however, was

But the *Nguyen* cases and their progeny are not relevant here. In those cases, the applicants relied on grounds of facts or law that *did not exist*—and, therefore, "could not have been raised"—during the three years after their convictions were final and their appeals were completed.[9] That is not Penticoff's situation. Penticoff does not rely on facts or law that were nonexistent during the three years after his sentencing. Instead, Penticoff relies on *Schmidt*—a case decided *during* the three years after Penticoff was sentenced. On this record, I see no reason to give Penticoff the benefit of a *second* three-year period.

### III. Conclusion.

Penticoff's claims are barred by Iowa Code section 822.3 because (1) Penticoff failed to demonstrate his claims are based "a ground of fact or law that *could not* have been raised within" the three years after he was sentenced; and (2) Penticoff failed to file his application within those three years. *Id.* (emphasis

---

the requirement that the postconviction-relief application asserting such a claim be filed within three years of the *Heemstra* decision." (internal citation omitted)).

[9] For example, in *Nguyen I*, the applicant asserted claims based on the supreme court's decision in *Heemstra*. *See* 829 N.W.2d at 186. Because *Heemstra* was not decided until 2006, however, *Heemstra* was a new ground of law that the applicant in *Nguyen I* could not have raised within three years from the issuance of procedendo in 2002. *See id.* at 188.

Likewise, in *Nguyen II*, the applicant asserted claims based on ineffective assistance of postconviction-relief counsel. *See* 878 N.W.2d at 751. Because counsel could not have been ineffective until 2013, the applicant could not have raised counsel's ineffectiveness—it had not even occurred—within three years of procedendo, filed in 2002. *Id.* at 752; *see also Dixon*, 2018 WL 739259, at *2 (applying section 822.3 to an application filed in 2014; noting that, although the applicant's conviction had become final in 2001, the applicant claimed a new "ground of law" was created by *Heemstra* and subsequent cases, including the supreme court's 2013 decision in *Nguyen I*); *Burkett*, 2015 WL 5278970, at *1 (applying section 822.3 to a PCR application filed in 2013 and noting that, although the applicant's conviction had become final in 1984, the applicant claimed a new "ground of law" was created by the court's 2013 decision in *Nguyen I*).

added).  The district court was right to dismiss Penticoff's application.  I respectfully dissent.