# IN THE COURT OF APPEALS OF IOWA

No. 19-1102
Filed January 21, 2021

**WENDELL HARRINGTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.


        Wendell Harrington appeals the summary disposition of this postconviction-relief action. **AFFIRMED.**


        Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


        Considered by May, P.J., Schumacher, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MAY, Presiding Judge.**

Wendell Harrington appeals the summary disposition of this postconviction-relief (PCR) action. We affirm because (1) this action is barred by the three-year statutory limitation period under Iowa Code section 822.3 (2018) and (2) Harrington failed to show a genuine issue of material fact as to his claim of actual innocence.

**I. Background**

In February 2003, Harrington was charged with five felony offenses arising from burglaries and vehicle thefts. *State v. Harrington*, No. 03-0915, 2005 WL 723891, at *2 (Iowa Ct. App. Mar. 31, 2005). In May 2003, a jury found Harrington guilty as charged. *Id.* at *3. The district court sentenced him to prison. *Id.* But this court reversed and remanded for new trial. *Id.* at *12.

Following remand, Harrington and the State reached a plea deal. On September 2, 2005, Harrington pled guilty to one count of second-degree theft and one count of third-degree burglary. During the plea colloquy, Harrington admitted he had committed both offenses.[1] The same day, the district court sentenced Harrington to prison but suspended the sentence and ordered probation. Harrington took no appeal.

After his probation was revoked, Harrington filed his first PCR application in June 2006. In June 2008, the district court denied relief. Harrington's appeal was not successful. It appears procedendo issued in August 2009.

---

[1] Harrington admitted to burglarizing a house, taking car keys from the house, and then stealing a car. These admissions appear at pages eight through eleven of the transcript.

In 2012, Harrington filed his second PCR application. In 2014, the district court denied relief. Harrington appealed. On October 12, 2016, this court affirmed. *Harrington v. State*, No. 14-2101, 2016 WL 5930003, at *6 (Iowa Ct. App. Oct. 12, 2016). Procedendo issued in December 2016.

On August 2, 2018, Harrington filed this PCR action.[2] Harrington's application asserted (1) he is actually innocent and (2) his prior PCR counsel had been ineffective. The State moved for summary disposition on two grounds: (1) the three-year statute of limitations bars Harrington's action; and (2) in any event, Harrington could show no genuine issue of material fact as to his claim of actual innocence.

The district court granted the State's motion. The court agreed with the State that Harrington's action is time-barred. The court also agreed that, because Harrington offered only "a bare allegation that he is innocent," Harrington failed to show "a genuine issue for trial." The court observed: "Harrington's bare allegation of innocence does not overcome the presumption that the record, including the admissions he made during his plea colloquy, reflects the true state of facts."

Harrington now appeals.

## II. Standard of review

PCR actions are normally reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But our review of constitutional issues is de novo. *Id.*

---

[2] The parties disagree to whether this case is Harrington's third PCR action or his fourth. Rather than explaining the details of the dispute, though, we simply note that the record does not make it clear which view is correct. We operate under the assumption this is Harrington's third rather than his fourth.

## III. Analysis

PCR actions are governed by Iowa Code chapter 822. We find the Code's meaning in its words. *See Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020) (noting "in questions of statutory interpretation, '[w]e do not inquire what the legislature meant; we ask only what the statute means'" and "[t]his is necessarily a textual inquiry as only the text of a piece of legislation is enacted into law" (first alteration in original) (citation omitted)); *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) ("Our court 'may not . . . enlarge or otherwise change the terms of a statute as the legislature adopted it.' 'When a proposed interpretation of a statute would require the court to "read something into the law that is not apparent from the words chosen by the legislature," the court will reject it.'" (citations omitted)); *Hansen v. Haugh*, 149 N.W.2d 169, 172 (Iowa 1967) ("It is not the function of courts to legislate and they are constitutionally prohibited from doing so." (citing Iowa Const. art. III, § 1)); *Holland v. State*, 115 N.W.2d 161, 164 (Iowa 1962) ("Ours not to reason why, ours but to read, and apply. It is our duty to accept the law as the legislative body enacts it."); *Moss v. Williams*, 133 N.W. 120, 121 (Iowa 1911) ("We must look to the statute as it is written . . . .").

Section 822.3 contains a time limit.[3] It states in relevant part:

> All [PCR[4]] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from

---

[3] The limitation contained in section 822.3 was enacted in 1984. *See Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020) (citing 1984 Iowa Acts ch. 1193, § 1 (then codified at Iowa Code § 663A.3 (1985))); *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 842 (Iowa 1986). Before then, there was "no deadline for" PCR claims. *See Sahinovic*, 940 N.W.2d at 359.

[4] There is a special exception for applicants "seeking relief under section 822.2, subsection 1, paragraph 'f.'" Iowa Code § 822.3. Because Harrington does not seek relief under section 822.2(1)(f), this exception is not relevant here.

the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3.

Through this text, the legislature required most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *Id.* But the legislature created an exception for claims based on "ground[s] of fact or law that could not have been raised within the" three-year period. *Id.* The three-year "limitation does not apply" to those claims. *See id. But see Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020) (citing cases that recognize an implied limitation period that runs from the appearance of a new ground of fact or law).

For Harrington, the three-year period began on September 2, 2005, when he was sentenced following his guilty pleas. But this action was not filed until 2018. So it appears this action is barred by section 822.3.

Harrington responds that this PCR action "relates back" to the timely filing of his first PCR action in 2006. As authority, Harrington relies on *Allison v. State*. 914 N.W.2d 866, 891 (Iowa 2018).[5] There our supreme court held:

> that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of **the second PCR petition relates back** to the timing of the filing of the original PCR petition for

---

[5] Harrington's brief argues that *Allison* should apply retroactively. We need not address that issue, though, because we conclude *Allison* does not apply for an independent reason, namely, this is Harrington's third (or fourth) PCR action.

purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* (emphasis added).

As the district court observed, though, *Allison* only applies to a "second PCR petition." *See id.*; *see also Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018) ("In *Allison*, we adopted a relation-back doctrine to the statutory period of limitation under section 822.3 when an applicant alleges in a second PCR proceeding brought outside the three-year time frame that the attorney in the first PCR proceeding was ineffective in presenting the same claim as raised in the second proceeding."). We have repeatedly held *Allison* does not apply to third or subsequent PCR actions, like this one. *Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020); *Long v. State*, No. 19-0726, 2020 WL 2061934, at *4 (Iowa Ct. App. Apr. 29, 2020); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *3–4 (Iowa Ct. App. Aug. 1, 2018). Although our prior opinions on this issue were unpublished, we believe they reflect a correct understanding of *Allison*. We decline to abandon them. *Compare* Iowa R. App. P. 6.904 (stating unpublished opinions "shall not constitute *controlling* legal authority" (emphasis added)), *with State v. Shackford*, No. 18-1215, ____N.W.2d.____, ____, 2020 WL 7410377, at *8 (Iowa 2020) (McDonald, J., dissenting) (emphasizing the authoritative value of unpublished opinions and noting the "basic principle of the rule of law" that "courts 'treat like cases alike'"(citations omitted)). So we conclude *Allison* does not apply here.

Harrington also argues that his actual-innocence claim "survives the three-year statute of limitations period" because it is based on a "new ground of . . . law," namely, *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). *See* Iowa Code § 822.3 (excepting claims based on "ground[s] of fact or law that could not have been raised within the" three-year period); *see also Penticoff*, 2020 WL 5229186, at *2 (noting "*Schmidt* is a new ground of law"). But the district court found Harrington's actual-innocence claim failed for an independent reason—the absence of a genuine issue of material fact that Harrington was actually innocent. Following our review, we agree. *Schmidt* required Harrington to "show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict [Harrington] of the crimes" for which he was sentenced. *See* 909 N.W.2d at 797. Harrington does not cite, and we have not found, record evidence that could approach this high standard.

## IV. Conclusion

The district court was right to grant summary disposition.

**AFFIRMED.**