# IN THE COURT OF APPEALS OF IOWA

No. 19-1949
Filed January 21, 2021

**JOHNNY LEE JOHNSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Guthrie County, Thomas P. Murphy,

Judge.


Johnny Johnson appeals the summary dismissal of his application for

postconviction relief.  **AFFIRMED.**


Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.


Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

The district court dismissed Johnny Johnson's second application for post-conviction relief (PCR) because it was filed outside of the three-year statute of limitations. On appeal, Johnson contends: (1) the district court misapplied the supreme court's teachings in *Allison v. State*, 914 N.W.2d 866 (Iowa 2018); (2) the three-year limitation on PCR actions violates the Sixth Amendment to the United States Constitution; and (3) we should adopt equitable tolling in PCR cases. We affirm.

**I. Facts and Procedural Background**

One evening, Johnson shot and killed two people. *State v. Johnson*, No. 08-0320, 2009 WL 4842480, at *1 (Iowa Ct. App. Dec. 17, 2009). The next morning, Johnson confessed to police about both shootings. *Id.* at *2. A jury found Johnson guilty of two counts of first-degree murder as charged. *Id.* Johnson appealed. *Id.* This court affirmed on December 17, 2009. *Id.* at *1. Johnson sought further review, which the supreme court denied, and procedendo issued on March 11, 2010.

On February 25, 2011, Johnson filed his first PCR action. The district court granted relief, but this court reversed and remanded for further proceedings. *Johnson v. State*, 860 N.W.2d 913, 922 (Iowa Ct. App. 2014). On remand, the district court denied relief. Following Johnson's subsequent appeal, this court concluded "the district court properly denied Johnson's ineffective-assistance-of-counsel claims against both his trial and appellate counsel." *Johnson v. State*, No. 15-0776, 2016 WL 4803734, at *6 (Iowa Ct. App. Sept. 14, 2016). We also denied Johnson's claim of structural error. *Id.* at *5. And so we affirmed the district

court's denial of relief. *Id.* at *6. We issued our opinion on September 14, 2016. *Id.* at *1. Procedendo issued on March 9, 2017.

Well over two years later, on June 28, 2019, Johnson filed this action, his second PCR case. The State moved for summary dismissal pursuant to Iowa Code section 822.3 (2019). Johnson resisted. The district court granted the State's motion and dismissed. This appeal follows.

## II. Standard of Review

PCR actions are normally reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But our review of constitutional issues is de novo. *Id.*

## III. Analysis

PCR actions are governed by Iowa Code chapter 822. We find the Code's meaning in its words. *See Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020) (noting "in questions of statutory interpretation, '[w]e do not inquire what the legislature meant; we ask only what the statute means'" and "[t]his is necessarily a textual inquiry as only the text of a piece of legislation is enacted into law" (first alteration in original) (citation omitted)); *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) ("Our court 'may not . . . enlarge or otherwise change the terms of a statute as the legislature adopted it.' 'When a proposed interpretation of a statute would require the court to "read something into the law that is not apparent from the words chosen by the legislature," the court will reject it.'" (citations omitted)); *Hansen v. Haugh*, 149 N.W.2d 169, 172 (Iowa 1967) ("It is not the function of courts to legislate and they are constitutionally prohibited from doing so." (citing Iowa Const. art. III, § 1)); *Holland v. State*, 115 N.W.2d 161, 164 (Iowa 1962) ("Ours not to

reason why, ours but to read, and apply. It is our duty to accept the law as the legislative body enacts it."); *Moss v. Williams*, 133 N.W. 120, 121 (Iowa 1911) ("We must look to the statute as it is written . . . .").

Section 822.3 contains a time limit for PCR actions.[1] It states in relevant part:

> All [PCR[2]] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3.

Through this text, the legislature required most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *Id.* But the legislature created an exception for claims based on "ground[s] of fact or law that could not have been raised within the" three-year period. *Id.* The three-year "limitation does not apply" to those claims. *See id. But see Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020) (citing cases that recognize an implied limitation period that runs from the appearance of a new ground of fact or law).

---

[1] The limitation contained in section 822.3 was enacted in 1984. *See Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020) (citing 1984 Iowa Acts ch. 1193, § 1 (then codified at Iowa Code § 663A.3 (1985))); *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 842 (Iowa 1986). Before then, there was "no deadline for" PCR claims. *See Sahinovic*, 940 N.W.2d at 359.

[2] There is a special exception for applicants "seeking relief under section 822.2, subsection 1, paragraph 'f.'" Iowa Code § 822.3. Because Johnson does not seek relief under section 822.2(1)(f), this exception is not relevant here.

For Johnson, the three-year period began in 2010, when his unsuccessful direct appeal became final. This action was not filed until 2019. And Johnson does not claim the exception for new "ground[s] of fact or law" applies. So it appears this action is barred by section 822.3.

Johnson responds that this second PCR action "relates back" to the timely filing of his first PCR action. As authority, Johnson relies on *Allison*, 914 N.W.2d at 891. There our supreme court held:

> that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 *if the successive PCR petition is filed promptly after the conclusion of the first PCR action.*

*Allison*, 914 N.W.2d at 891 (emphasis added).

As this excerpt makes clear, *Allison* provided for relation back but only in limited circumstances. Among other things, relation back can only apply if "the successive PCR petition [was] *filed promptly* after the conclusion of the first PCR action." *Id.* (emphasis added).

Since *Allison*, our court has had several opportunities to consider the phrase "filed promptly." *Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *3 (Iowa Ct. App. Apr. 29, 2020) (collecting cases). We have focused on the word "promptly," which means "in a prompt manner; at once; immediately, quickly." *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020) (quoting *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 n.6 (Iowa Ct. App. Feb. 20, 2019). And we have repeatedly concluded that "delays [of] one year

or more" are not sufficiently "prompt." *Id.* at *2–3 (noting "[w]here a defendant delays one year or more in filing a PCR application after procedendo issues, we have determined that such a delay precludes the application of *Allison*" and collecting cases). Indeed, in *Polk v. State*, we concluded an applicant who "waited nearly six months to file his second PCR petition" did not "meet the 'prompt' filing mandate in *Allison*." No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019). More recently, in *Maddox*, we concluded "the 121-day delay in Maddox's filing a second PCR application resulted in the application not being 'filed promptly' within the meaning of *Allison*." 2020 WL 5230367, at *3; *see also Harlston v. State*, No. 19-0267, 2020 WL 4200859, at *1 (Iowa Ct. App. July 22, 2020) (finding delay of more than six months was not prompt); *Wilder v. State*, No. 19-0157, 2020 WL 1879703, at *3 (Iowa Ct. App. Apr. 15, 2020) ("Because Wilder waited more than three years to file his second PCR action after conclusion of his first PCR action, he did not meet the 'prompt' filing mandate in *Allison*.").

Here, over two years passed between the issuance of procedendo in Johnson's first PCR appeal on March 9, 2017, and Johnson's filing of this second PCR action on June 28, 2019. Consistent with our prior cases, we conclude this second PCR action was not promptly filed for purposes of *Allison*. So the district court was right to grant summary dismissal.

But Johnson argues our opinion in *McCullum v. State* could support a different result. *See* No. 17-1603, 2019 WL 1762804, at *3 (Iowa Ct. App. Feb. 6, 2019). In *McCullum*, the applicant's direct appeal was complete in 2010, his first

PCR action was complete in 2015,[3] and his second PCR action was filed in July 2017. *Id.* at *1–2. The district court summarily dismissed the second PCR action because, among other reasons, it was barred by the three-year limitation period. *Id.* at *2. Our court reversed, citing *Allison*. *Id.* at *3.

We think it is significant, though, that *McCullum* did not expressly hold the second PCR application had been "filed promptly." Rather, the court left that question open by "remand[ing] to the district court for further proceedings, including a determination of whether the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3." *Id.*

In any event, assuming *McCullum* supports the conclusion that a two-year-delayed application could meet *Allison*'s requirement of prompt filing, we decline to follow *McCullum*. *Cf.* Iowa R. App. P. 6.904(2)(c) ("Unpublished opinions or decisions shall not constitute controlling legal authority."). Instead, we follow our many other opinions which, as already explained, have held that delays of a single year—or even 121 days—are too long. We think those holdings are more consistent with *Allison*'s teaching that relation back can only apply if an application is filed "promptly," that is, "in a prompt manner; at once; immediately, quickly." *See Maddox*, 2020 WL 5230367, at *3 (citation omitted).

A final note on relation back: In 2019, our legislature amended section 822.3 to include this statement: "An allegation of ineffective assistance of counsel in a

---

[3] Our opinion issued on March 25, 2015. *McCullum v. State*, No. 13-1665, 2015 WL 1331660, at *1 (Iowa Ct. App. Mar. 25, 2015). McCullum sought further review, which our supreme court denied, and procedendo issued on July 20, 2015.

prior case under this chapter shall not toll or extend the limitation periods in this section *nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.*"  2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)) (emphasis added).  This amendment appears to abrogate *Allison.  See Maddox*, 2020 WL 5230367, at *2 n.3; *Wilder*, 2020 WL 1879703, at *1 n.1; *Polk*, 2019 WL 3945964, at *1 n.2.  There is a question, however, as to whether the amendment applies to Johnson's case, which was filed in June 2019.  The State takes no position on the issue.  Rather, the State simply maintains that, "[u]nder either the previous [pre-2019 amendment] version of section 822.3 or the current one, Johnson's second [PCR] application was late."  We agree.

As a fallback position, Johnson contends we should rule that the "three year limitation on PCR [a]pplications is unconstitutional" under the Sixth Amendment to the United States Constitution.  "In the alternative," Johnson suggests we should "outright adopt an equitable tolling rule to diminish the adverse effects of the arbitrary [sic] three year statute of limitations."

We begin with the Sixth Amendment to the United States Constitution, which provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

Johnson does not identify—and we cannot find—anything in the text of the Sixth Amendment that would prohibit a statutory time limit on PCR actions.  And

Johnson does not cite, and we have not found, any case that has recognized such a prohibition. Instead, our courts have refused to hold section 822.3 unconstitutional. *See, e.g.*, *Thompson*, 2020 WL 2060310, at *3 (declining to "declare Iowa Code section 822.3 unconstitutional for violating [the applicant's] right to due process and his right to counsel under both the United States and Iowa Constitutions"). Johnson has shown no good reason to do otherwise.

As for equitable tolling, "this court has frequently held that equitable tolling does not apply to section 822.3." *See Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting cases). And Johnson has shown no reason to take a different path.

## IV. Conclusion

The district court was correct to summarily dismiss Johnson's PCR application.

**AFFIRMED.**