## FEDERAL RESERVE BANK OF RICHMOND v. KALIN.

### No. 3828.

Circuit Court of Appeals, Fourth Circuit.
April 24, 1935.

M. G. Wallace, of Richmond, Va. (G. H. Valentine, of Hendersonville, N. C., on the brief), for appellant.

Thomas H. Franks, of Hendersonville, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This was an action by the Federal Reserve Bank of Richmond to recover on a note of $1,000. A prior action in the superior court of Henderson county, N. C., had resulted in a verdict for defendant; but the trial judge had set aside the verdict and ordered a new trial, and thereafter the plaintiff had taken a nonsuit and commenced this action. The judge below dismissed the action for lack of jurisdiction, and plaintiff has appealed. Two questions are presented by the appeal, viz.: (1) Whether the court had jurisdiction of an action involving less than the jurisdictional amount prescribed by section 24(1) of the Judicial Code, 28 USCA § 41(1); and (2) whether the action can be maintained in view of the institution of the prior action in the state court. We think that both of these questions must be answered in the affirmative.

Jurisdiction over the action was given, not by section 24(1) of the Judicial Code, 28 USCA § 41(1), but by the Act of June 16, 1933, c. 89, § 15, 48 Stat. 184, 12 USCA § 632. Jurisdiction over suits by and against Federal Reserve Banks on the ground that they arose under the Constitution or laws of the United States was taken away by the Act of February 13, 1925, c. 229, § 12, 43 Stat. 941, 28 USCA § 42, which provided that no District Court should have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an act of Congress, except in cases where the government of the United States was the owner of more than one-half of its stock. The act of 1933 did not merely add another exception to this statute in favor of Federal Reserve Banks, but in the broadest possible language gave the District Courts jurisdiction of all suits of a civil nature to which any Federal Reserve Bank might be a party, without any limitation whatever as to the amount involved. The pertinent portion of the act is as follows: "Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. No attachment or execution shall be issued against any Federal Reserve bank or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court."

The language of this provision is so clear as to leave no room for construction or interpretation. The act of which it forms a part extended the control of the federal government over the operations of the Federal Reserve Banks; and it was doubtless the intention of Congress to grant full right of recourse to the federal courts to these institutions, which had become important agencies of the federal government in its control of banking and currency.

And we do not think that the jurisdiction of the court was in any way affected by the prior proceedings had in the state court. When the verdict in the state court was set aside and a nonsuit taken, the situation was just as though no action had ever been instituted. Bradshaw v. Citizens' National Bank, 172 N. C. 632, 90 S. E. 789; Southern Cotton Oil Co. v. Shore, 171 N. C. 51, 87 S. E. 938. Cases involving the right to remove to the federal court a case pending in a state court at the time of the passage of the act, such as Richards v. National City Bank (D. C.) 6 F. Supp. 156, have no application; for here there was no attempted removal to the federal court of a cause pending in a state court, but the institution of a new suit in the federal court after the action in the state court had been terminated. It is clear that the grant of jurisdiction given by the statute applies to causes of action in existence at the time of its passage as well as to those subsequently arising. "Statutes relating to practice and procedure generally apply to pending actions and those

subsequently instituted, although the cause of action may have arisen before." Link v. Receivers of Seaboard Air Line Ry. Co. (C. C. A. 4th) 73 F.(2d) 149, 151; Hallowell v. Commons, 239 U. S. 506, 36 S. Ct. 202, 60 L. Ed. 409; Baltimore & P. R. Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231.

For the reasons stated, we think that the court below had jurisdiction of the action, and that the order dismissing it should be reversed.

Reversed.