L. A. BASCOM, Petitioner, v. DISTRICT COURT OF CERRO GORDO COUNTY and T. A. BEARDMORE, Judge, Respondents.

No. 45830.

DECEMBER 9, 1941.

Senneff & Duncan, for petitioner.

Breese & Cornwell, for respondents.

WENNERSTRUM, J.—This is an original proceeding in certiorari brought to review a ruling of the District Court wherein that court refused to change the place of trial to the county of defendant's residence. The facts may be briefly summarized as follows:

Henry L. Beard, now deceased, was driving a farm tractor upon a highway in Cerro Gordo county on May 7, 1941. The petitioner, L. A. Bascom, drove his automobile into and against the tractor on that date and as a result thereof, injuries were then sustained by H. L. Beard, which caused his death. Olga Beard was thereafter appointed administratrix of his estate. On August 22, 1941, she commenced an action against the defendant petitioner, who is a resident of Floyd county, Iowa. This action was brought in the District Court of Cerro Gordo county, Iowa. Thereafter L. A. Bascom filed a motion to change the place of trial to Floyd county, Iowa, the place of his residence, which motion was overruled.

The consideration of the writ of certiorari that is before us requires our study of an amendment to the statute which was enacted as chapter 298 of the Acts of the 49th General Assembly and which is in part as follows:

"Actions arising out of injuries to a person or damage to property caused by the operation of any motor vehicle may be brought in the county in which the defendant, or one of the defendants; is a resident or in the county in which the injury or damage is sustained."

This new provision of the statute did not provide for it to become effective upon publication and consequently it became the law of the state on July 4, 1941. (Constitution of Iowa, Article III, section 26; section 53, 1939 Code.)

The question that must receive our consideration is whether this amendment to the statute is retrospective in nature and shall apply to actions arising or accruing prior to the effective date of the statute. In 59 C. J. 1173, paragraph 700, there is discussed the question as to the retrospective effect of legislation and it is there stated:

"A difference is recognized between statutes affecting substantial rights and those affecting only procedure, the courts being more liberal in the interpretation relative to retrospective operation in the latter than in the former case. The general rule that statutes will be construed to be prospective only and not retrospective or retroactive ordinarily does not apply to statutes affecting remedy or procedure, or, as is otherwise stated, such general rule is subject to an exception in the case of a statute relating to remedies or procedure. While it has been said that statutes relating to remedies or procedure may be given a retroactive operation, a more accurate statement of the principle intended is that, unless expressly prohibited by statute, and in the absence of directions to the contrary, or unless in doing so some contract obligation is violated or some vested right divested, statutes merely affecting the remedy or law of procedure apply to actions thereafter, whether the right of action accrued before or after the change in the law. * * *.

"The presumption against retrospective construction of

statutes as a general rule does not apply to statutes that relate merely to remedies and modes of procedure."

In connection with this same question as to the retrospective effect of a statute we find the following comment in 25 R. C. L. 791, paragraph 38:

"Statutes relating to procedure or legal remedies are undoubtedly within the general rule against retrospective construction where the effect of giving them a retroactive operation will be to impair the obligation of contracts or to disturb vested rights. But the rule does not prevent the application of statutes to proceedings pending at the time of their enactment where they neither create new, nor take away vested, rights. When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions."

Our next consideration must therefore be given to the proposition as to whether or not there is any vested right of an individual in any particular manner of procedure. In this connection attention is here called to the case of Lewis v. Pennsylvania Railroad Company, 220 Pa. 317, 322, 69 A. 821, 822, 18 L. R. A., N. S., 279, 281, 13 Ann. Cas. 1142, where it is stated:

"* * *. No one can claim to have a vested right in any particular mode of procedure for an enforcement or defense of his rights. When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending, and future actions. If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceeding: Sutherland on Statutory Construction, section 482, and the authorities there cited. * * *."

In the case of Duggan v. Ogden, 278 Mass. 432, 434, 180 N. E. 301, 302, 82 A. L. R. 765, 767, there is discussed an amendment to the statute which provided for service of notice on nonresident motorists and it is there stated:

"* * *. There were added alternative provisions to the effect that notice of such service and copy of process might be served upon the defendant if found within the Commonwealth

by an officer qualified to serve process, or if found without the Commonwealth by a sheriff or deputy sheriff of any county in this Commonwealth or by a duly constituted public officer qualified to serve such process in the jurisdiction where the defendant is found. These changes relate to practice and procedure and not to substantive rights. *They therefore are applicable to actions brought subsequently to, although the cause of action may have arisen before, the enactment of said chapter 344.* [Italics supplied. Citing cases.] Practice and procedure include the mode of proceeding and the formal steps by which a legal right is enforced. Those words comprehend writs, summonses and other methods of notice to parties as well as pleadings, rules of evidence and costs. Practice and procedure indicate the forms for enforcing rights as distinguished from the law which creates, defines and protects rights. [Citing cases.]"

Statement to this same effect is found in the case of Federal Reserve Bank v. Kalin, 5 Cir., 77 F. 2d 50, 51, where it is stated:

"* * *. It is clear that the grant of jurisdiction given by the statute applies to causes of action in existence at the time of its passage as well as those subsequently arising. 'Statutes relating to practice and procedure generally apply to pending actions and those subsequently instituted, although the cause of action may have arisen before.' [Citing cases.]"

As further bearing upon the question as to whether or not the right to be sued in the county of defendant's residence is a vested right, reference is here made to the case of Payne v. Walmsley, (La. App.) 185 So. 88, 89, wherein it is stated:

"The right to be sued in one's domicile is termed by them a vested fundamental one. It appears to us that such is not a vested right, in the sense that it is substantive in nature, but is one that has been created by procedural or remedial enactments. And it is settled that 'legislation which only changes a remedy and not a substantive right has a retroactive effect. * * *.' [Citing cases.]"

Our own court in the case of Goben v. Akin, 208 Iowa 1354, 1356, 227 N. W. 400, 401, is very much in point and is quite controlling in our consideration of the present case. In this last

cited case this court gave consideration to an amendment to a statute, which amendment was relative to actions that might be brought in regard to " 'highway or public drainage improvements.' " The original section provided that " 'an action might be brought  *  *  *  in any county where such contract was made, or performed * * *.' " We there said:

"Defendant says that the amendment is not retroactive. The action was brought after the amendment took effect. The statute is merely one of procedure, and remedial. Defendant had no vested right in the venue prescribed by the statute in force at the time the contract was made. Plaintiff was entitled to the remedy and to the procedure allowed by law at the time he commenced his suit, including the venue. [Citing cases.]"

In the case of Grose v. Bredthauer, 136 Neb. 43, 46, 284 N. W. 869, 871, it is stated in connection with a case quite similar to the one we now have under consideration as follows:

"The fact that the amendment of section 20-409 was enacted in 1937 does not prevent its application to the cause of action arising in 1935. It relates wholly to procedure, is remedial in its nature, is to be liberally construed, and is not restricted in its operation to causes of action thereafter arising."

See also State v. District Court of Ramsey County, 206 Minn. 357, 358, 359, 287 N. W. 875, 876.

It is our conclusion that the provisions of chapter 298 of the 49th General Assembly pertain to procedure only. It is our further holding, under the authorities previously noted and as hereinafter set forth, that this new statutory enactment could and should apply to "actions subsequently instituted although the cause of action may have arisen before."

Further citations which support the conclusion which we have reached are as follows:

Public Service Elec. Co. v. Post, 3 Cir., N. J., 257 F. 933, 935; Larkin v. Saffarans, C. C., Tenn., 15 F. 147, 152, 153; City of Chicago v. Industrial Commission, 292 Ill. 409, 127 N. E. 46, 47; Haskel v. City of Burlington, 30 Iowa 232, 234, 235; Ireland v. Shipley, 165 Md. 90, 166 A. 593, 596.

We have given consideration to the cases cited by petitioner.

366

It is our conclusion that, in the main, the holdings noted in petitioner's citations are not applicable to the particular situation that is now before this court. It is our further judgment that the greater weight of authority supports the holding which we have announced.

We are therefore of the opinion that the District Court was correct in its ruling and that the writ as heretofore issued should be and is therefore annulled.—Writ annulled.

MILLER, C. J., and GARFIELD, SAGER, MITCHELL, and OLIVER, JJ., concur.

BLISS, J., takes no part.