**Ronald W. BREWER, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY,**
Defendant.

**Terry J. HARRINGTON, Appellant,**

v.

**STATE of Iowa, Appellee.**

Nos. 85–1084, 85–1864.

Supreme Court of Iowa.

Nov. 12, 1986.

Mark J. Eveloff, Council Bluffs, for plaintiff Ronald W. Brewer.

James P. Cleary, Des Moines, for appellant Terry J. Harrington.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., David E. Richter, Co. Atty., and Joseph Hrvol, Asst. Co. Atty., for defendant and appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and LAVORATO, JJ.

CARTER, Justice.

In these consolidated proceedings two postconviction applicants challenge the determination that their claims are barred by the three-year statute of limitations contained in Iowa Code section 663A.3 (1985).

Postconviction applicant, Ronald W. Brewer, was convicted of second-degree murder and sentenced to life imprisonment on December 3, 1963. No direct appeal was taken from that judgment and sentence. Postconviction applicant, Terry J. Harrington, was convicted of first-degree murder and sentenced to life imprisonment on August 4, 1978. His conviction was affirmed on direct appeal in October 1979. *State v. Harrington*, 284 N.W.2d 244 (Iowa 1979). Procedendo issued on November 13, 1979.

Prior to July 1, 1984, Iowa Code section 663A.3 provided that "[a]n application [for postconviction relief] may be filed at any time." On July 1, 1984, an amendment to this statute became effective. 1984 Iowa Acts ch. 1193, § 1. The amended statute provides:

An application must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of proce- ˙ dendo is issued. However, this limitation does not apply to a ground of fact or law

that could not have been raised within the applicable time period.

Brewer's postconviction application was filed fourteen months before the effective date of the 1984 amendment. Harrington's postconviction application was not filed until seven and one-half months after the effective date of that amendment. The district court determined that both Brewer and Harrington had failed to file their postconviction applications within the time prescribed in section 663A.3 and dismissed both applications on this ground.

I. *Brewer's Certiorari Action.*

Brewer's original certiorari action raises the issue of whether a postconviction application which was timely under the law in effect at the time it was filed may be rendered untimely by subsequent legislation. In many situations, we have recognized that existing laws governing the proceedings by which judgment may be entered may be altered so as to affect pending actions. *E.g., Appleby v. Farmers State Bank of Dows*, 244 Iowa 288, 292–93, 56 N.W.2d 917, 920 (1953); *Bascom v. District Court*, 231 Iowa 360, 364, 1 N.W.2d 220, 222 (1941). In the *Bascom* case, we observed that "[s]tatutes relating to practice and procedure generally apply to pending actions and those subsequently instituted." (quoting *Federal Reserve Bank v. Kalin*, 77 F.2d 50, 51–52 (4th Cir.1935)).

█ We further observed in *Bascom* that retroactive application will ordinarily be given to

writs, summonses and other methods of notice to parties as well as pleadings, rules of evidence and costs. [Such] [p]ractice[s] and procedure[s] indicate the forms for enforcing rights as distinguished from the law which creates, defines and protects rights.

*Id.*, at 364, 1 N.W.2d at 222. Notwithstanding these pronouncements, we have recognized that changes in procedural law will not be applied to pending actions where it is not feasible to do so or will work an injustice in the particular case. *See Walker State Bank v. Chipokas*, 228

N.W.2d 49, 52 (Iowa 1975). Assuming that for many purposes statutes of limitations are matters of practice and procedure, we are reluctant to abate pending actions which were timely when filed by retroactive application of statutory changes in the statute of limitations.

■ If it had been the purpose of the 1984 amendment to abate pending proceedings as well as to limit the time for commencing new proceedings, we believe the legislature would have made that intention clear. *See State ex rel. Iowa Air Pollution Control Commission v. City of Winterset,* 219 N.W.2d 549, 551–52 (Iowa 1974) (repeal of enabling legislation for special proceeding interpreted as not abating pending actions). We conclude that the district court erred in dismissing Brewer's application for postconviction relief on the ground that it was barred by section 663A.3. Accordingly, the writ must be sustained in his certiorari action.

## II. *Harrington's Appeal.*

Harrington urges that it was improper for the district court to apply the period of limitations added to section 663A.3 by the 1984 amendment to an application seeking relief from a conviction which became final prior to the amendment's effective date. In response to this contention, the State urges that a statute which merely cuts off a remedy after a certain period of time does not offend against due process. Consequently, it argues, the legislature was free to amend section 663A.3 to establish a fixed time within which the remedies afforded under chapter 663A may be pursued.

■ We recognized in *Swanson v. Pontralo,* 238 Iowa 693, 698, 27 N.W.2d 21, 24 (1947), that a statute which "merely cut[s] off a remedy, after a lapse of time, within which time, the claimant ... was free to assert the remedy ... does not offend against due process *if the statute grants a reasonable time within which process can be had." Id.* (emphasis added). We quoted with approval the following statements

found in 16 C.J.S. *Constitutional Law* § 615, at 1237:

> While limitations must comply with the requirements of due process of law, and while a statute of limitations which attempts to bar a debt or other claim without giving a reasonable time within which the right may be preserved is violative of the due process clause, nevertheless statutes of limitation do not necessarily operate to deprive a person of property without due process, even though enacted subsequently to the arising of the claim.

We believe the import of these considerations is that persons adversely affected by the shortening of a statute of limitations must be given a reasonable time after the change in the law to avoid its consequences.

In applying the foregoing principles to Harrington's claims, we believe the issue is not whether the 1984 amendment may affect the time for challenging convictions occurring before its effective date. It clearly may affect such challenges if this was the intent of the legislature. The apparent purpose in requiring postconviction challenges to be brought within the time specified in the 1984 amendment is to reduce injustices occurring as a result of lost witnesses for (a) resolution of factual disputes arising in the postconviction proceedings and (b) the retrial of cases in which convictions are overturned. Because the potential for lost witness problems is significant with respect to convictions occurring before the 1984 amendment, it is unlikely that the legislature intended that challenges to such convictions be completely immune from the newly enacted statute of limitations.

It still must be determined, however, how the 1984 amendment may be accommodated with the requirement that a reasonable length of time must be allowed for the filing of claims after the amendment became effective. Other jurisdictions considering this issue within the context of postconviction relief applications have reached somewhat divergent results. In *Perkins v.*

*State,* 487 So.2d 791 (Miss.1986), and *Odom v. State,* 483 So.2d 343 (Miss.1986), the court held that a reasonable period of time must be allowed to present challenges to convictions which became final prior to the enactment of a statute of limitations for bringing postconviction relief actions. It resolved the problem by holding that those persons should have three years from the effective date of the newly-created statute of limitations within which to present such claims rather than three years from the time their convictions became final.

*People v. Robinson,* 140 Ill.App.3d 29, 94 Ill.Dec. 387, 487 N.E.2d 1264 (1986), involved a postconviction claim which was brought slightly more than a year after the applicable statute of limitations had been shortened from twenty years to ten years. The claim would not have been barred by the twenty-year statute but was barred if the ten-year statute was applied as written. Although the court recognized that a reasonable length of time must be permitted for the filing of postconviction applications by persons whose claims were adversely affected by the shortened statute of limitations, it opted to resolve the issue of what was a "reasonable period of time" on a case-by-case basis. In the *Robinson* case, the court held that a postconviction application filed slightly more than one year after the effective date of the new statute of limitations and otherwise barred by the time period specified in the amendment had not been brought within a reasonable time and, as a result, was subject to dismissal.

Choosing between the approaches of the Mississippi and Illinois courts does not necessarily engender a clear preference for either. We somewhat favor the Mississippi approach, however, on the basis of ease in application. Consequently, we hold that all potential postconviction applicants whose convictions became final prior to July 1, 1984, must file their applications for postconviction relief on or before June 30, 1987, or be barred from relief.[1] This ap-

proach will not unduly frustrate the purposes of the 1984 amendment and will give fair notice to all concerned of that which is required of them. Our holding necessarily requires that the order of the district court with respect to Harrington's application be reversed.

We have considered all claims presented. The writ of certiorari in the Brewer action is sustained. On Harrington's appeal, the district court's order is reversed. Both postconviction applications are remanded to the district court for further proceedings not inconsistent with this opinion.

WRIT SUSTAINED; REVERSED AND REMANDED.

---

1. This will not preclude consideration of those claims for postconviction relief which are embraced within the proviso of section 663A.3 that "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."