# IN THE COURT OF APPEALS OF IOWA

No. 18-2178
Filed April 15, 2020

**DARRELL EUGENE BIZZETT,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary,

Judge.

Darrell Bizzett appeals the order granting summary disposition of his fourth

application for postconviction relief. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,

and Hannah Vellinga of Corbett, Anderson, Corbett, Vellinga, & Irvin, LLP, Sioux

City, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**CARR, Senior Judge.**

Nearly fifty years have passed since a jury found Darrell Bizzett guilty of the 1970 murder of Dr. Robert Stukel Jr. and the district court sentenced him to serve a term of life in prison. *See State v. Bizzett*, 212 N.W.2d 466, 467 (Iowa 1973). Bizzett applied for postconviction relief (PCR) three times in the twenty years following his conviction, all of which the district court denied and the appellate courts affirmed. *See Bizzett v. Brewer*, 262 N.W.2d 273, 274 (Iowa 1978); *Bizzett v. State*, No. 91-0432, 1992 WL 453709, at *1 (Iowa Ct. App. July 30, 1992) (affirming without opinion); *Bizzett v. Nix*, No. 68538, 344 N.W.2d 733 (Iowa Ct. App. Aug. 30, 1983) (same, unpublished). Then, in August 2018, Bizzett filed a fourth PCR application, claiming actual innocence. The PCR court granted the State's motion for summary disposition, concluding Bizzett's claims were barred by the statute of limitations. *See* Iowa Code § 822.3 (2018) (requiring PCR applications "be filed within three years from the date the conviction or decision is final" unless based on "a ground of fact or law that could not have been raised within the applicable time period"); *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 844 (Iowa 1986) (holding "that all potential postconviction applicants whose convictions became final prior to July 1, 1984, must file their applications for postconviction relief on or before June 30, 1987, or be barred from relief"). Bizzett moved the court to enlarge its ruling, arguing that under *Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018), the Iowa Constitution allows a PCR applicant to raise a freestanding claim of actual innocence. The PCR court denied the motion.

Bizzett appeals. We review summary dispositions of PCR applications for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

But because Bizzett's PCR application implicates a constitutional right, our review is de novo. *See id.* It is proper to grant summary disposition "when the record reveals only a conflict over the legal consequences of undisputed facts." *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011). As the moving party, the State "is required to affirmatively establish that the undisputed facts support judgment under the controlling law." *Id.*

To succeed on his claim of actual innocence, Bizzett "must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt*, 909 N.W.2d at 797. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Dewberry v. State*, ___ N.W.2d ___, ___, 2019 WL 6633750, at *5 (Iowa 2019) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, a PCR applicant must "prove he or she was actually innocent of the offense for which he or she was convicted." *Id.*

Setting aside the other issues the district court found to impede Bizzett's PCR application, summary disposition was proper on his actual innocence claim. Bizzett claims he "asserted a number of disputed material facts that could have changed the outcome of his trial and demonstrated his innocence." Most concern the evidence on the cause of Dr. Stukel's death. Bizzett also challenges a jury instruction, the lack of finding on the theory of murder underlying the verdict, the composition of the jury, and the way the court conducted the proceedings on his third PCR application. But even assuming Bizzett's allegations are true, he simply

falls short of his burden.  Bizzett cannot show by clear and convincing evidence that no reasonable jury could have convicted him of murder.  As a result, the State proved it was entitled to judgment as a matter of law, and we affirm.

**AFFIRMED.**