# IN THE SUPREME COURT OF IOWA

No. 19–1571

Submitted December 16, 2020—Filed April 16, 2021

**JOHN LEE HRBEK,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

Postconviction-relief applicant represented by counsel seeks review of interlocutory order prohibiting applicant from filing any additional pro se supplemental documents in postconviction-relief proceeding. **AFFIRMED AND REMANDED.**

McDonald, J., delivered the opinion of the court, in which Waterman, Mansfield, and Oxley, JJ., joined. McDermott, J., filed an opinion concurring in part and dissenting in part, in which Christensen, C.J., and Appel, J., joined.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Patrick A. Sondag, Assistant County Attorney, for appellee.

**McDONALD, Justice.**

In the spring of 2019, the legislature passed and the governor signed an omnibus crime bill. *See* 2019 Iowa Acts ch. 140. As relevant here, effective July 1, 2019, the new law prohibits postconviction-relief applicants represented by counsel from filing "any pro se document, including an application, brief, reply brief, or motion, in any Iowa court." *Id.* § 35 (codified at Iowa Code § 822.3A (2020)). The questions presented in this appeal involve the applicability and constitutionality of the new law as applied to pending postconviction-relief proceedings and postconviction-relief appeals.

I.

For the past thirty-four years, John Hrbek has been litigating a still-pending application for postconviction relief in an attempt to vacate his convictions for two counts of murder in the first degree. *See generally State v. Hrbek*, 336 N.W.2d 431, 437 (Iowa 1983) (conditionally affirming defendant's murder convictions); *Hrbek v. State*, No. 13–1619, 2015 WL 6087572, at *1, *3 (Iowa Ct. App. Oct. 14, 2015) (discussing the "bizarre procedural history of the PCR action" and ordering reinstatement of the postconviction case). Although Hrbek has been and continues to be represented by counsel in his postconviction case, Hrbek regularly files pro se supplemental documents in support of his application.

While Hrbek's case was pending, the legislature enacted an omnibus crime bill that prohibits represented postconviction-relief applicants from filing pro se supplemental documents in any postconviction-relief proceeding or postconviction appeal. In full, the new law provides:

> 1. An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or

motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.

2. This section does not prohibit an applicant for postconviction relief from proceeding without the assistance of counsel.

3. A represented applicant for postconviction relief may file a pro se motion seeking disqualification of counsel, which a court may grant upon a showing of good cause.

Iowa Code § 822.3A. The new law went into effect on July 1, 2019.

In August 2019, pursuant to the omnibus crime bill, the district court entered an order prohibiting Hrbek from filing any additional pro se supplemental documents in his postconviction-relief proceeding. The district court directed Hrbek to forward any such documents to his counsel instead.

This court granted Hrbek's application for interlocutory appeal of the district court's order. Although Hrbek is represented by counsel in this appeal, he moved to file pro se supplemental briefs in support of his appeal. *See* Iowa R. App. P. 6.901(2)(*a*) (providing "[a]ny . . . applicant for postconviction relief . . . may submit a pro se supplemental brief . . . within 15 days after service of the proof brief filed by their counsel"). The State filed a resistance to Hrbek's motion and requested this court disallow the filings pursuant to the new omnibus crime bill. We ordered the issue be submitted with the merits of the appeal.

Hrbek raises several arguments contesting the applicability and constitutionality of section 822.3A. Hrbek contends the new law is inapplicable here because the new law should not be applied retrospectively to postconviction-relief proceedings pending on the effective date of the statute. If section 822.3A is applicable here, Hrbek contends the new law is unconstitutional and void. Specifically, Hrbek contends section 822.3A violates the separation-of-powers doctrine and violates

Hrbek's right to file pro se supplemental documents in postconviction-relief proceedings and appeals.

## II.

Hrbek first contends section 822.3A is inapplicable here because the new law should not be applied retrospectively to postconviction-relief proceedings pending on the effective date of the statute. According to Hrbek, his right to file pro se supplemental documents vested in 1987 when he filed his application for postconviction relief. He argues the application of section 822.3A to now bar him from filing pro se supplemental documents would be an unlawful retrospective application of the statute.

Whether a statute applies retrospectively, prospectively, or both is simply a question regarding the correct temporal application of a statute. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 291, 114 S. Ct. 1522, 1524 (1994) (Scalia, J., concurring in the judgment) (stating the "temporal application of a statute" is a "mundane question"). The determination of the correct temporal application of a statute is a three-part inquiry. First, the court must determine whether application of a statute is in fact retrospective. Second, if the court determines application of a statute is in fact retrospective, then the court must determine whether the statute should be applied retrospectively. Third, if the court determines a statute should be applied retrospectively, then the court must determine whether a constitutional rule prohibits retrospective application of the statute.

With respect to the first part of the inquiry, application of a statute is in fact retrospective when a statute applies a new rule, standard, or consequence to a *prior* act or omission. *See Frideres v. Schiltz*, 540 N.W.2d 261, 264 (Iowa 1995) (en banc) ("A law is retroactive if it affects acts or facts which occurred, or rights which accrued, before the law came into

force."). The prior act or omission is the event of legal consequence "that the rule regulates." *Landgraf*, 511 U.S. at 291, 114 S. Ct. at 1524. The event of legal consequence is the specific conduct regulated in the statute. *See id.* ("The critical issue, I think, . . . is the relevant activity that the rule regulates."); *Miss. Dep't of Corr. v. Roderick & Solange MacArthur Just. Ctr.*, 220 So. 3d 929, 940 (Miss. 2017) (en banc) (Dickinson, J., concurring in result only) ("In other words, to determine whether the statutory amendment should apply, a court must understand what event or conduct the statute will control.").

The application of section 822.3A to Hrbek's pending postconviction-relief case and this interlocutory postconviction appeal is not a retrospective application of the statute within any common-sense understanding of the term "retrospective." The statute prohibits represented postconviction applicants from filing pro se supplemental documents in any Iowa court. The event of legal consequence is the filing of pro se supplemental documents. The new law went into effect on July 1, 2019, but all of the events of legal consequence occur after that date. The district court's order was entered in August 2019. Hrbek filed his application for interlocutory appeal on September 20, 2019. Hrbek had his counsel file a final pro se supplemental brief and reply brief in this appeal on August 24, 2020, more than one year after the effective date of the statute.

Application of a statute to conduct occurring after the effective date is in fact a prospective and not retrospective application. *See Miller v. LaSalle Bank Nat'l Ass'n*, 595 F.3d 782, 788 (7th Cir. 2010) (analyzing the relevant retroactivity event and concluding statute had no retroactive effect); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 648–49 (6th Cir. 2006) ("A focus on the 'relevant activity' in this case leads inexorably to the

conclusion that the change in the regulation was not impermissibly retroactive. . . . [T]he regulatory change had no retroactive effect because the presumption defined by the listing is a rule of adjudication and therefore has its effect on claims at the time of adjudication."); *United States v. Nunemacher*, 362 F.3d 682, 685–86 (10th Cir. 2004) (holding new standard of appellate review applied notwithstanding that it was adopted after the proceedings in the trial court were concluded); *United States v. Mallon*, 345 F.3d 943, 946 (7th Cir. 2003) (same); *United States v. Holloman*, 765 F. Supp. 2d 1087, 1091 (C.D. Ill. 2011) ("Therefore, the relevant retroactivity event is the sentencing date, not the date the offense was committed, because the application of a mandatory minimum is a sentencing factor, not an element of the offense. Accordingly, the application of the FSA is the prospective application of current law, not a retroactive exercise." (emphasis omitted)); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 263 (2012) ("But what about a change in the rules governing admission of evidence . . . Would it be retroactive . . . for that new rule to apply to a trial conducted after its enactment but dealing with an alleged crime committed before its enactment? No, because retroactivity ought to be judged with regard to the act or event that the statute is meant to regulate." (emphasis omitted)). Thus, the application of section 822.3A to pending postconviction cases and postconviction appeals is not prohibited by any rule regarding the retrospective application of statutes.

Hrbek's position—that he has a vested right to forever avail himself of the filing and briefing rules in place when he filed his postconviction-relief application in 1987—is untenable. No serious person could contend the procedures governing each and every case become fixed at the time the petition is filed in the case. Must the district court know the procedures

in place on the date every case is filed and continue to apply old, superseded procedures? The rules of evidence from 1987 govern trial one week, but the rules of evidence from 1997 govern trial the next week, and the rules of evidence from 2007 govern trial the following week, and so on. Our cases have repeatedly rejected this trapped-in-amber approach. *See, e.g.*, *Dolezal v. Bockes*, 602 N.W.2d 348, 352 (Iowa 1999) ("Because rule 231(*b*) became effective before Dolezal filed his written demand for default, the rule applied to the demand."); *State ex rel. Leas in re O'Neal*, 303 N.W.2d 414, 419 (Iowa 1981) (stating "this court adopted the principle that a statutory rule of evidence applies to a proceeding tried subsequent to its effective date, even though the provision was nonexistent at the time the proceeding was commenced"); *Smith v. Korf, Diehl, Clayton & Cleverley*, 302 N.W.2d 137, 139 (Iowa 1981) ("The amendment to appellate rule 1 should be applied to all appeals pending as of its effective date, as well as those perfected thereafter."); *Bascom v. Dist. Ct.*, 231 Iowa 360, 365, 1 N.W.2d 220, 222 (1941) ("It is our further holding . . . that this new statutory enactment could and should apply to 'actions subsequently instituted although the cause of action may have arisen before.' "). We see no reason to deviate from our prior decisions in this area, and we reject Hrbek's contention that section 822.3A does not apply to this postconviction-relief proceeding and this postconviction appeal.

## III.

Having concluded section 822.3A applies to Hrbek's postconviction case and this appeal, we address Hrbek's claim that the new law violates the separation-of-powers doctrine and is unconstitutional.[1]    On

---

[1]Hrbek did not raise this issue in the district court, but he does raise the issue now in response to the State's contention that he cannot file pro se supplemental briefs on appeal. Our resolution of the separation-of-powers challenge to section 822.3A as applied on appeal also resolves any separation-of-powers challenge to section 822.3A as

separation-of-powers questions, "this court shall make its own evaluation, based on the totality of circumstances, to determine whether th[e questioned] power has been exercised appropriately." *Webster Cnty. Bd. of Supervisors v. Flattery*, 268 N.W.2d 869, 872 (Iowa 1978) (en banc). "Because statutes are cloaked with a strong presumption of constitutionality, a party challenging a statute carries a heavy burden of rebutting this presumption." *Klouda v. Sixth Jud. Dist. Dep't of Corr. Servs.*, 642 N.W.2d 255, 260 (Iowa 2002). "[T]he party must show beyond a reasonable doubt that a statute violates the constitution." *Id.*

We recently resolved a materially indistinguishable separation-of-powers argument in *State v. Thompson*, 954 N.W.2d 402, 408–09 (Iowa 2021). *Thompson* involved a challenge to another provision of the omnibus crime bill—section 814.6A(1). *See id.* That provision prohibits represented defendants in criminal proceedings from filing pro se supplemental documents in any Iowa court. *See* Iowa Code § 814.6A(1). We held the new law as applied on appeal did not violate the separation-of-powers doctrine:

> The demarcation between a legitimate regulation of court practice and procedure and an unconstitutional encroachment of the judicial power is context specific. "The separation-of-powers doctrine . . . has no rigid boundaries." *Klouda*, 642 N.W.2d at 260. In this specific context, we hold section 814.6A, as applied to prohibit the filing of pro se supplemental briefs on appeal, does not violate any aspect of the separation-of-powers doctrine. *See id.*; *Webster Cnty. Bd. of Supervisors*, 268 N.W.2d at 873. It is the legislative department's constitutional prerogative to establish a general system of practice in all Iowa courts so long as those restrictions and regulations do not impede the immediate, necessary, efficient, or basic functioning of the appellate courts. Section 814.6A, as applied to pro se supplemental briefs on appeal, does not impede the immediate, necessary, efficient, or basic functioning of the appellate courts. Instead,

---

applied in the district courts, and we address both issues without distinguishing between them.

> section 814.6A merely restricts represented parties from filing documents in the appellate courts and thus regulates the manner in which legal claims and arguments can be presented to the appellate courts for resolution. The legislature has exercised its constitutional power to decide that the claims and arguments of all represented parties on appeal should be advanced by counsel rather than the litigants. This does not offend the separation-of-powers doctrine. The new legislation thus supersedes Iowa Rule of Appellate Procedure 6.901(2). *See* Iowa Code § 602.4202(4); *Judicial Rule Making*, 48 Iowa L. Rev. at 924 (explaining Iowa's "judicial rules will be invalid when in conflict with a statute").

*Thompson*, 954 N.W.2d at 418.

While *Thompson* involved an appeal from a criminal proceeding and not a postconviction-relief proceeding or postconviction appeal, the rationale of *Thompson* applies with at least equal force in this case, and we need not repeat the analysis in full herein. In sum, the Iowa Constitution vests the legislative department with the duty and authority "to provide for a general system of practice in all the courts of this state." Iowa Const. art. V, § 14. This textual allocation of power includes the power to prohibit pro se supplemental filings in any Iowa court. *See Thompson*, 954 N.W.2d at 411–12. This understanding of the constitutional text has been confirmed by historical practice. *See id.* at 412. While it is true that the judicial department has inherent authority to provide rules for practice and procedure in Iowa's courts, the judicial department's inherent authority "must give way where the legislative department has acted." *Id.* at 411; *see also id.* at 412 n.3.

This change to the wholly statutory postconviction-relief regime is within the legislative department's constitutional authority "to provide for a general system of practice in all the courts of this state" and does not violate the separation-of-powers doctrine. Iowa Const. art. V, § 14.

IV.

Hrbek contends section 822.3A violates his constitutional right to file pro se supplemental documents in postconviction-relief proceedings and postconviction appeals. The exact nature of his claim is not clear. Hrbek notes, prior to the enactment of section 822.3A, represented applicants in postconviction cases had a nonconstitutional right to file pro se supplemental documents. He argues this nonconstitutional right has been "engrafted" onto constitutional rights and now has "a constitutional dimension" placing the right beyond the reach of the legislature. In support of his argument, Hrbek cites a litany of constitutional rights: inalienable rights; the right to the assistance of counsel; the right to access the courts; the right to the equal protection of the laws; and "some principle of due process." We conclude there is no constitutional right of any sort to file pro se supplemental documents in postconviction-relief proceedings and postconviction appeals.

A.

Prior to the enactment of section 822.3A, represented postconviction-relief applicants had a right to file pro se supplemental documents. This right was provided by a rule enacted in January 2001. *See* Iowa Sup. Ct. Supervisory Order, *In the Matter of Iowa Rule of Appellate Procedure 13* (Oct. 18, 2000); Iowa R. App. P. 6.901(2)(*a*) (providing "[a]ny . . . applicant for postconviction relief . . . may submit a pro se supplemental brief . . . within 15 days after service of the proof brief filed by their counsel"). This right was also provided for in our precedents. *See Jones v. State*, 731 N.W.2d 388, 391 (Iowa 2007) ("First, a PCR applicant who is dissatisfied with his attorney's representation is permitted to raise issues pro se and file papers and pleadings pro se."); *Gamble v. State*, 723 N.W.2d 443, 445 (Iowa 2006) (stating a postconviction applicant may file

pro se supplemental documents); *Leonard v. State,* 461 N.W.2d 465, 468 (Iowa 1990) ("A postconviction relief applicant may file applications, briefs, resistances, motions, and all other documents the applicant deems appropriate in addition to what the applicant's counsel files. This qualification should give the applicant assurance that all matters the applicant wants raised before the district court will be considered.").

The right recognized by our rule of appellate procedure and our precedents decidedly was not of constitutional dimension. In *Leonard v. State,* we held the district court had "discretion to deny a postconviction relief applicant's request to dispense with counsel." 461 N.W.2d at 468. We reached that conclusion based on our interpretation of the statute authorizing the appointment and denial of counsel in postconviction cases. *See id.* We "temper[ed that] holding with one qualification," explaining a postconviction applicant may file pro se supplemental documents in the proceeding. *Id.* The court made clear the right to file pro se supplemental documents was not based on the right to counsel. *See id.* ("But the sixth amendment applies only to criminal prosecutions and so has no application to postconviction relief proceedings."). *Leonard* did not rely upon any constitutional provision to support its holding.

In *Gamble v. State,* we recognized that a represented postconviction-relief applicant could file pro se supplemental claims and held that the district court could not order appointed counsel to prepare a report evaluating the postconviction applicant's pro se supplemental claims. *See* 723 N.W.2d at 445–46. Our holding was grounded in Iowa Code sections 822.6 and 822.7, which provided, respectively, that the district court shall consider the substance of the application regardless of defects of form and that the district court shall make findings and conclusions on each issue

raised. *See id.* *Gamble* did not cite any constitutional provision in support of its holding.

Finally, in *Jones v. State*, we reiterated what we said in *Gamble*: "the district court must give the applicant an opportunity to be heard on his pro se claims and must then rule on each issue raised." *Jones*, 731 N.W.2d at 392. As in *Leonard* and *Gamble*, we did not cite any constitutional provision in support of our holding. Instead, we reiterated the right to counsel was not implicated in postconviction-relief proceedings. *See Jones*, 731 N.W.2d at 391 (stating "the Sixth Amendment right to counsel and the corollary constitutional right to dispense with counsel 'applies only to criminal prosecutions and so has no application to postconviction relief proceedings'" (quoting *Leonard*, 461 N.W.2d at 468)).

## B.

Hrbek concedes the original right articulated in *Leonard*, *Gamble*, and *Jones* was statutory and could be abrogated by the legislature. He argues, however, the original statutory right recognized in *Leonard*, *Gamble*, and *Jones* has ripened and now has constitutional dimension. Hrbek grounds this right largely in the constitutional right to counsel. Hrbek argues this court should hold there is a constitutional right to counsel in postconviction cases, including an additional constitutional right for represented postconviction-relief applicants to file pro se supplemental documents.

In support of his argument, Hrbek relies on *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court addressed "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral

proceeding." *Id.* at 5, 132 S. Ct. at 1313. The Supreme Court answered the question in the affirmative:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington.*

*Id.* at 14, 132 S. Ct. at 1318 (citation omitted).

*Martinez* does not support Hrbek's argument. The limited issue in that case dealt with cause to excuse a procedural default for the purposes of federal habeas review. The *Martinez* majority explicitly denied it was creating a constitutional rule and instead characterized the decision as an "equitable ruling." *Id.* at 16, 132 S. Ct. at 1319–20.

The Supreme Court and this court have repeatedly stated there is no constitutional right to counsel in postconviction cases. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."), *superseded by statute on other grounds*, 28 U.S.C. § 2254(b)(2); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987) (stating offenders have no "constitutional right to counsel when mounting collateral attacks upon their convictions" and "the right to appointed counsel extends to the first appeal of right, and no further"); *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018) (stating that "the United States Supreme Court has not recognized a constitutional right to PCR counsel" and that this court has "not yet recognized a right to PCR counsel under the Iowa Constitution"); *Allison v. State*, 914 N.W.2d 866, 895 (Iowa 2018) (Waterman, J., dissenting) ("[W]e have squarely, and repeatedly, held there

is no constitutional right, only a statutory right, to counsel in PCR actions."); *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011) (stating a postconviction applicant "has a statutory, not constitutional right to effective assistance of counsel on postconviction relief").

In any event, Hrbek's argument regarding the right to counsel is misdirection; the constitutional right to counsel is not implicated in this appeal. The question in this appeal is whether a represented postconviction-relief applicant has a constitutional right to hybrid representation, that is, a constitutional right to file pro se supplemental documents in addition to counsel's briefs in a postconviction-relief proceeding. Even if there were a constitutional right to counsel in postconviction-relief proceedings or initial-review postconviction-relief proceedings, the right to counsel does not encompass an additional constitutional right to hybrid representation. As the Supreme Court of North Dakota explained:

> A criminal defendant has either a constitutional right to counsel, or a constitutional right of self-representation. Under certain circumstances, a court may appoint standby counsel in its discretion to assist a defendant and to represent the defendant if termination of self-representation is necessary. However, a criminal defendant has no constitutional right to "hybrid" representation and to act as co-counsel with his attorney. Johnson's allegation of ineffective assistance relates solely to his post-conviction attorney's failure to act as hybrid co-counsel in the proceedings, a type of representation to which Johnson was not entitled. Johnson had the option of either allowing his attorney to file a brief on his behalf or filing a brief on his own behalf. He could not demand the filing and consideration of both briefs. Because Johnson had no right to demand that his counsel file a brief in addition to the one he filed on his own behalf, we conclude as a matter of law that post-conviction counsel's performance did not fall below an objective standard of reasonableness.

*Johnson v. State*, 681 N.W.2d 769, 778 (N.D. 2004) (citations omitted). We agree with this analysis.

## C.

In addition to his constitutional-right-to-counsel argument, Hrbek has named other constitutional rights in support of his claimed constitutional right to hybrid representation, including his inalienable rights, his rights to equal protection of the laws, his rights to access the courts, and "some principle of due process." However, Hrbek has not developed these claims in any meaningful way, and we decline to develop these arguments on his behalf. *See* Iowa R. App. P. 6.903(2)(*g*)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001) ("When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived.").

Regardless, neither the Federal nor the State Constitution support Hrbek's claim that a represented party has a constitutional right to file pro se supplemental documents in a postconviction-relief proceeding or a postconviction appeal. There is no federal or state constitutional right of any sort to hybrid representation in criminal proceedings or postconviction relief proceedings. *See Thompson*, 954 N.W.2d at 416–17 (collecting cases); *see also Clemons v. Pfister*, 845 F.3d 816, 820 (7th Cir. 2017) ("He could dispense with his counseled briefs and represent himself to ensure that his preferred arguments were raised, or he could roll the dice and hope that the court would make an exception to the rule against hybrid representation and accept his pro se supplemental brief. There was nothing unusual or unfair about putting him to this choice."); *Powell v. Cockrell*, No. 01–40229, 2002 WL 753488, at *6 (5th Cir. Apr. 8, 2002) (per curiam) (disregarding pro se arguments in postconviction proceedings because "Texas does not allow 'hybrid representation.' "); *Smith v. Tice*, 1:16–cv–0362, 2016 WL 4945205, at *4 (M.D. Pa. Sept. 16, 2016) ("There

is nothing extraordinary about Pennsylvania's prohibition against hybrid representation. *Pro se* litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'" (alteration in original) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 953 (1984))); *Ahmed v. Houk*, No. 2:07–cv–658, 2014 WL 2709765, at *101 (S.D. Ohio June 16, 2014) ("In any event, Ohio does not permit hybrid representation where a defendant or petitioner for post-conviction relief is represented by counsel."), *report and recommendation adopted*, 2020 WL 5629622 (S.D. Ohio Sept. 21, 2020); *In re Barnett*, 73 P.3d 1106, 1113 (Cal. 2003) ("[W]e indicated quite some time ago that the general rule prohibiting a represented party's pro se documents applies in the habeas corpus context."); *Johnson v. State*, 974 So. 2d 363, 364–65 (Fla. 2008) (per curiam) (holding there is no federal or state constitutional right to hybrid representation in collateral review proceedings); *Wahl v. State*, No. 114,888, 2017 WL 3668917, at *5 (Kan. Ct. App. Aug. 25, 2017) (per curiam) ("Since there is no right to hybrid representation that is partially pro se and partially by counsel, substantive documents submitted pro se by a person represented by counsel, with the exception of motions to relieve counsel, need not be considered by the court or filed by the clerk."); *Walton v. Myrick*, 459 P.3d 250, 253 (Or. Ct. App. 2020) (stating there was no authority for "hybrid representation, that is, the filing of both a counseled post-conviction petition and a pro se petition" (emphasis omitted)); *Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999) (prohibiting pro se supplemental briefs in postconviction proceedings); *Foster v. State*, 379 S.E.2d 907, 907 (S.C. 1989) (holding there is no state constitutional right to hybrid representation in postconviction proceedings); *State v. Jones*, No. 98–0508–CR, 1998 WL

648699, at \*3 (Wis. Ct. App. Sept. 23, 1998) (rejecting "notion of 'hybrid representation' during postconviction proceedings"). To the best of our knowledge, no court has reached a contrary conclusion.

D.

The right recognized in Iowa Rule of Appellate Procedure 6.901(2) and *Leonard*, *Gamble*, and *Jones* was a nonconstitutional right based on our rules of appellate procedure and Iowa Code chapter 822. In enacting section 822.3A, the legislative department determined that postconviction relief applicants represented by counsel shall no longer be allowed to file pro se supplemental documents and instead must speak through their counsel. This amendment to the postconviction statute was within the legislative department's constitutional authority "to provide for a general system of practice in all the courts of this state." Iowa Const. art. V, § 14. Procedural rights arising from a statutory scheme can be abrogated by subsequent statutes. The legislature did so here. Section 822.3A supersedes Iowa Rule of Appellate Procedure 6.901(2) and abrogates *Leonard*, *Gamble*, and *Jones*. *See* Iowa Code § 602.4202(4).

V.

For these reasons, we reject Hrbek's challenges to section 822.3A. The clerk of the supreme court is directed to strike Hrbek's pro se supplemental briefs. The district court's order prohibiting Hrbek from filing additional pro se supplemental documents in his pending postconviction-relief case is affirmed.

**AFFIRMED AND REMANDED.**

Waterman, Mansfield, and Oxley, JJ., join this opinion. McDermott, J., files a separate opinion concurring in part and dissenting in part, in which Christensen, C.J., and Appel, J., join.

**McDERMOTT, Justice (concurring in part and dissenting in part).**

The defendant's constitutional challenge to Iowa Code section 822.3A in this case is, as the majority notes, materially indistinguishable from the constitutional challenge to section 814.6A that this court decided in *State v. Thompson*, 954 N.W.2d 402 (Iowa 2021). Section 822.3A, like section 814.6A, forbids a represented party from filing "any pro se document . . . in any Iowa court" and commands that the "court shall not consider . . . such pro se filings." Iowa Code § 822.3A (2020). The constitutional inquiry in this case is simply stated: Does the statute violate the separation of powers by denying courts the opportunity to *request* and *consider* a postconviction relief applicant's pro se supplemental brief in cases properly before the court? The answer—for all the reasons I set out in my dissent in *Thompson*—is yes. *See generally Thompson*, 954 N.W.2d at 419–25 (McDermott, J., concurring in part and dissenting in part).

The Iowa Constitution establishes the "Jurisdiction of supreme court" and assigns to the supreme court the power to provide for "the correction of errors at law" and to "issue all writs and process necessary to secure justice to parties." Iowa Const. art. V, § 4. The judicial powers enumerated in the constitution thus encompass "the power to decide and pronounce a judgment and carry it into effect." *Klouda v. Sixth Jud. Dist. Dep't of Corr. Servs.*, 642 N.W.2d 255, 261 (Iowa 2002).

The Iowa Constitution directs the legislature "to provide for a general system of practice in all the courts of this state." Iowa Const. art. V, § 14. But this provision doesn't bestow upon the legislature exclusive power to dictate the court's rules of practice. *See Iowa C.L. Union v. Critelli*, 244 N.W.2d 564, 569 (Iowa 1976) (en banc). The legislature may not infringe core judicial functions through the implementation of procedural rules.

"Certain implied powers must necessarily result to our Courts of justice from the nature of their institution." *United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32, 34 (1812). Danger lies not only when one branch "directly and completely" performs the functions of a separate branch but also when one branch "posses[es], directly or indirectly, an overruling influence over the others in the administration of their respective powers." *The Federalist No. 48*, at 332 (James Madison) (Jacob E. Cooke ed., 1961).

The judiciary bears the constitutional duty to decide cases and, thus, must have access to the tools that are part and parcel to carrying out this duty. By restricting who may file briefs with our court, the legislature limits the courts' sources of knowledge, which is inextricably intertwined with the courts' constitutional power to decide cases. *Richardson v. Fitzgerald*, 132 Iowa 253, 255, 109 N.W. 866, 867 (1906) ("[A]ny direction by the Legislature that the judicial function shall be performed in a particular way is a plain violation of the Constitution."). Our own appellate rules expressly permit postconviction relief applicants to submit a pro se supplemental brief. Iowa R. App. P. 6.901(2)(*a*). I view the rule as the court's invitation to receive directly from criminal defendants arguments the court deems potentially relevant—and potentially *useful*—to its decision-making process. *See, e.g.*, *State v. Hanes*, 790 N.W.2d 545, 556–57 (Iowa 2010) (evaluating, and finding merit in, arguments offered in the defendant's pro se supplemental brief).

Once a case is before the court, the legislature doesn't have the power to control the arguments the parties may make, just as it doesn't have the power to control what courts may use, or consider, in arriving at their decisions. Courts "derive from the Constitution itself, once they have been created and their jurisdiction established, the authority to do what courts have traditionally done in order to accomplish their assigned tasks."

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 58, 111 S. Ct. 2123, 2140 (1991) (Scalia, J., dissenting). A statute that purports to restrict both the court's sources of information and what courts may contemplate in the decision-making process necessarily infringes the judiciary's ability to interpret the law.

The judicial power to decide cases is nothing more than what the framers might have called a "parchment power" if the legislature can dictate what the court may consider in reaching its decisions. *See The Federalist No. 48*, at 333 (James Madison). I concur in the majority's opinion in division II on the retrospective application issue that Hrbek raises. But for these and the other reasons I set out in my dissent in *Thompson*, I respectfully dissent from division III and would hold section 822.3A unconstitutional as a violation of the separation of powers.

Christensen, C.J., and Appel, J., join this concurrence in part and dissent in part.