**IN THE COURT OF APPEALS OF IOWA**

No. 24-0065
Filed January 23, 2025

**TERRY RAY LORD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

An applicant for postconviction relief appeals the dismissal of his application as time-barred. **AFFIRMED**.

Sonia M. Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

More than forty years ago, Terry Lord was convicted of first-degree murder after raping a woman and then cutting her throat and stabbing her. *See State v. Lord*, 341 N.W.2d 741, 741 (Iowa 1983). Despite a three-year statute of limitations for seeking postconviction relief that ran for him in July 1987,[1] Lord filed this application for postconviction relief in July 2023, summarily challenging his conviction and sentence on various grounds. *See* Iowa Code § 822.3 (2023). The district court dismissed his application as time-barred.

Lord appeals, urging us to overrule our supreme court's precedent that the statute of limitations is constitutional. *See Davis v. State*, 443 N.W.2d 707, 708–11 (Iowa 1989). He argues that it should be revisited in light of the United States Supreme Court's reasoning interpreting the Second Amendment in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022).

But it is questionable whether Lord has preserved any specific constitutional challenge for appellate review. His briefing in resistance to the motion to dismiss, while citing the reasoning of *Bruen*, did not argue that the statute of limitations violates any specific constitutional provision. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). And the only specific challenge that that he has arguably sufficiently briefed on appeal—based on the federal Due Process Clause—was

---

[1] Lord's conviction became final before the enactment of the three-year statute of limitations, so he had to seek postconviction relief within three years of the statute's July 1, 1984 effective date. *See Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 844 (Iowa 1986).

already rejected by our supreme court.[2]  *See Davis*, 443 N.W.2d at 710–11.  So even if this challenge is preserved for appellate review, it fails because we cannot overrule our supreme court based on Lord's arguments.  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Seeing no legal error, *see Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020), we thus affirm the district court's dismissal of Lord's application for postconviction relief as barred by the statute of limitations.

**AFFIRMED.**

---

[2] Lord makes scattered references to other state and federal constitutional provisions in his appellate brief.  To the extent that he was attempting to raise separate challenges to the statute of limitations, he has not fleshed out such challenges with sufficient argument to enable our consideration or supported them with citations to authorities, so those challenges are waived.  *See* Iowa R. App. P. 6.903(2)(a)(8)(3); *Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994).